MARTHA M. BARTHELL, et al., Appellants, v. L. T. HER-
MANSON, Treasurer, et al., Appellees.

Taxation: OMITTED PROPERTY: SETTLEMENT: REPUDIATION BY COUNTY.
1  Tax ferrets have authority to settle with a taxpayer for the
   amount he should have paid on omitted property, and in doing
   so could take into consideration the amount he had been regularly
   assessed, although not authorized to deal with taxes regularly
   assessed and unquestioned; and the county cannot repudiate a
   settlement thus made without tendering back the amount received
   under the settlement.

Same: TREASURER'S RECEIPT: PAROL EVIDENCE. A treasurer's receipt
2 for the payment of taxes is not conclusive on the subject, but is
subject to explanation by parol.

Same: DECREE OF COURT: AMBIGUITY: EXPLANATION. An ambiguity
3 in a court decree may be explained by parol evidence.

Same: PREVIOUS SETTLEMENT OF TAXES: EVIDENCE. In this action to
4 enjoin the sale of land for taxes of a certain year, the evidence is
held to show that a settlement of taxes on omitted property in-
cluded taxes previously assessed, as shown by a decree entered upon
a stipulation of the parties.

Same: MUTUAL MISTAKE: ESTOPPEL. Where a county retained the
5 money paid as taxes under a settlement between tax ferrets and
the taxpayers it was bound by the settlement, although the same
was paid under a mutual mistake.

*Appeal from Allamakee District Court.*—HON. A. N. HOB-
SON, Judge.

.FRIDAY, DECEMBER 13, 1912.

ACTION to enjoin the sale of certain lands for the taxes
of the year 1908, and to cancel the assessment against it
for that year. The trial court dismissed the petition and
plaintiffs appeal.—*Reversed* and *remanded.*

*William S. Hart, D. J. Murphy,* and *Stilwell & Stil-
well,* for appellants.

*II. E. Taylor* and *Frank Sayre,* for appellees.

DEEMER, J.—The decision here turns upon the effect of
a decree of the district court of Allamakee county on the
31st day of August, 1908, entered pursuant to a stipulation
of the parties in certain cases then pending in said court.
The stipulation which is the foundation of the decree reads
as follows:

August Term, 1908—Stipulation. In the District Court
of Iowa in and for Allamakee County. In the appeal of

Martha M. Barthell, M. J. Barthell, B. F. Barthell, and Myrtle
L. Barthell, Appellants, from the assessment made by J. M.
Leppert, Treasurer    of Allamakee County, and Chas. H.
Barthell, Geo. P. Barthell, J. W. Barthell, Sarah J. Faegre,
J. S. Barthell, Minnie Meier, Anna Steinbach, other parties
thereto.   It is hereby stipulated by and between the board of
supervisors, the county of Allamakee, Iowa, and the treas-
urer thereof, on the one part, and Martha M. Barthell, Sarah
J. Faegre, J. W. Barthell, Chas. H. Barthell, George P.
Barthell, Anna Steinbach, Minnie Meier, M. J. Barthell, J. S.
Barthell, B. F. Barthell, and M. L. Barthell, on the other
part: That whereas, the treasurer, his assistants and others,
have listed for taxation, or assessed and taxed, a large amount
of moneys, bonds, stocks, loans and credits for the years
1903, 1904, 1905, 1906, 1907 and 1908 against the above-
named parties of the second part: Now therefore, in order
to avoid a vast amount of litigation and adjust all tax matters
for said years of 1903, 1904, 1905, 1906, 1907 and 1908, that
may have been made or shall be made for such years of 1903,
1904, 1905, 1906, 1907 and 1908 against any, each and all of
said parties, including any such tax or assessment that might
have been assessed against the estate of J. M. Barthell, de-
ceased, now settled, it is hereby stipulated: That an order
shall be made by the district court of Iowa, in and for Alla-
makee county, at the August term, 1908, thereof that the
suits of the above-named appellants shall be consolidated
and all of the other heirs of the said J. M. Barthell, deceased,
be made parties to said suit, and that said court at said term
shall make the following order herein:   The listing for as-
sessment and the assessments made by the treasurer or others
against any of the above-named parties be and the same are
hereby canceled and rebated and that instead of said assess-
ments there be assessed a gross sum against all of said parties
aggregating the sum of $1,800, which shall be in full of all
taxes assessed or to be assessed against them or either of
them for the years, 1903, 1904, 1905, 1906, 1907 and 1908.
Peisen Welch Co., by J. W. Peisen.   D. J. Murphy, Stilwell
& Stilwell, attorneys for appellants.

And the decree entered therein is in these words:

And now, to wit, on the 31st day of August, the same
being the 1st day of the regular August term, 1908, the court,

after being duly advised in the above matter, ordered, adjudged, and decreed that the causes Nos. 7,800, 7,801, 7,802, and 7,803 be and the same are hereby consolidated as per above stipulation, and on the payment of the sum of $1,800, and all costs, to be in full settlement of said causes against all parties as stipulated above, and that all taxes and assessments as per said stipulation be and the same are hereby canceled and receipted in full. Said sum and all costs have been paid in full and said amount of $1,800 paid by the clerk of this court to J. M. Leppert, treasurer, and all costs paid, and taxes canceled as per stipulation.

On the same day the money was paid to the clerk, and he issued the following receipt:

Duplicate.

Waukon, Iowa, Aug. 31st, 1908.

Office of Clerk of District Court of Iowa, in and for Allamakee County. Received of Martha M. Barthell, M. J. Barthell, B. F. Barthell, Myrtle L. Barthell, Chas. H. Barthell, Geo. P. Barthell, J. W. Barthell, J. S. Barthell, Sarah J. Faegre, Minnie Meier, Anna Steinbach, in the case of said parties v. J. M. Leppert, Treasurer of Allamakee, case No. 7,800, the sum of eighteen hundred dollars ($1,800) in full payment of all taxes and assessments made or that may be made against each or any of said parties for the years 1903, 1904, 1905, 1906, 1907 and 1908, inclusive, as per order of court this day made in said case. James Collins, Clerk of the District Court of Iowa, in and for Allamakee County.

And on the same day the county treasurer receipted for the amount by the following receipt:

Received above amount in full payment of taxes as above stated, this 31st day of August, 1908.

J. M. Leppert, Co. Treasurer.

Receipt No. 173.

It is claimed on the one hand, and denied on the other, that the following appeared on the receipt given by the clerk:

Waukon, Iowa, August 31, 1908.

M. J. Barthell.   Allamakee County Taxes on Omitted
Property.   Taxing District, Waukon.

| Year. | Amount Omitted. | Taxable Value. | Rate. | Tax. | Int. | Total. |
|-------|-----------------|----------------|-------|------|------|--------|
| 1903  |  |  |  |  |  |  |
| 1904  | To cover years 1903 to 1908, inclusive, | | | | | |
| 1905  | . as against all 'parties named in stip- | | | | | |
| . 1906 | ulation  ........................$1,800.00 | | | | | |
| 1907  |  |  |  |  |  |  |
| 1908  | Grand  Total  ...................$1.800.00 | | | | | |
| No. 173. | | | | | | |

Upon this record plaintiffs claim that all their taxes for
the year 1908, which were levied against them, have been
fully paid and satisfied and should be canceled, and that the
county treasurer should be enjoined from collecting the same
by a sale of plaintiffs' real estate.  So far there is no dispute
in the record save over the nature of the receipt given by the
county clerk; but appellees contend that the documents,
receipts, decree, etc., above referred to had reference only
to property omitted by the plaintiffs from taxation, and that
the only taxes for the year 1908 which were referred to or
were in controversy were those which were or might have been
claimed to have been omitted from the assessment made
against the plaintiffs, and they introduced testimony to show
the nature of the previous controversies, and the intent of
the parties in making the settlement and in consenting to
the decree. In response to this, plaintiffs say the record is
a verity, and that it cannot be contradicted or explained by
parol testimony, and further that, conceding the admissibility
of such testimony, plaintiffs have shown that the stipulation
and decree were intended to cover all their taxes for the year
1908.

Defendants also claim that, even if the settlement did
cover all the taxes assessed against plaintiffs for the year

1908, it should not be considered nor the decree given force for the reason that the tax ferrets who made the stipulation and consented to the decree had no authority either in law or fact to do so. We may as well dispose of this proposition of law here before going to the other matters in dispute. Assuming that the tax ferrets had no authority to deal with taxes regularly assessed and which were not the subject of controversy, they undoubtedly had authority to settle with plaintiffs for the amount they should pay on property omitted from taxation, and, if in so doing they took into account in making the settlement the amount of taxes already assessed, there is no reason why the county should be permitted to repudiate the settlement.

1. TAXATION: omitted property: settlement: repudiation by county.

Moreover, if, as plaintiffs claim, they made the settlement on the basis of the inclusion of all of their taxes for the year 1908, neither the county nor any of its representatives can repudiate that settlement, even if made without authority, unless it tenders back to plaintiffs the amount received from them in virtue of the settlement. Neither the county nor its officials can have the benefits of the agreement without assuming its burdens, and by retaining the money it becomes bound to perform the agreement, whatever it may have been. These propositions are very fundamental in actions between private persons, and a county and its officials are not exempt from such wholesome rules.

Appellants' main insistence is that as the decree and stipulation covers all taxes assessed, or to be assessed, against the parties named for the year 1903, 1904, 1905, 1906, 1907, and 1908, this is the end of the controversy. They also rely upon the terms of the receipt given by the clerk; but, as that is a mere receipt and capable of explanation, it is not conclusive, but may be considered as an evidentiary fact in construing the decree itself.

2. SAME: treasurer's receipt: parol evidence.

Defendants say that the decree is not conclusive, but is

subject to explanation, and that it has no reference whatever to any taxes except on omitted property for any of the years named. That it had reference to no other taxes except omitted ones for all years prior to 1907 is very clear, for they were not in dispute, and, as the decree in virtue of this fact is ambiguous, we think parol testimony was admissible to explain just what taxes for the years in question were intended to be covered by the decree. Manifestly it was omitted taxes for the years 1903, 1904, 1905, 1906, and 1907.

*3. SAME: decree of court: ambiguity: explanation.*

Was it the same kind of taxes assessed or to be assessed for the year 1908? This, is it seems to us, is the pivotal question in the case. Upon this proposition, because of the denials, amendments to and counter denials of abstracts, we have been compelled to resort to the transcript; and from a reading thereof we extract the following: The Peisen Welch Company was employed some time in the year 1907 by Allamakee county for the purpose of collecting taxes on omitted property. Early in March of the year 1908 they reported to the treasurer assessments for the years 1903 to 1907 including a large amount of moneys and credits which had been omitted from taxation by M. J. Barthell, B. F. Barthell, Martha M. Barthell, and Myrtle L. Barthell, and the treasurer gave each of these parties notice that it was proposed to assess them on such omitted property. Each of them appeared and filed objection, and on April 1st M. J. Barthell was assessed with a total tax on such property amounting to $9,651.51, B. F. Barthell to the amount of $1,062.24, Martha M. Barthell to the amount of $2,205.13, and Myrtle L. Barthell to the amount of $708.18. Each appealed to the district court, and pending the appeal negotiations for a settlement were entered into between the appellants and all the other heirs of J. M. Barthell, deceased, and the "tax ferrets," culminating in the written agreement of settlement herein before set out. This contract was entered into on August 31, 1908, and the regu-

*4 SAME: previous settlement of taxes: evidence.*

lar taxes for that year, while already assessed, were not due. Some of the regular 1907 taxes levied against the property of some of the parties to the settlement had not been paid; that is to say, some of them had not paid the second installment of the 1907 taxes. The taxes in controversy are the remainder of the taxes for the year 1907 and the whole of those for the year 1908, being, as we understand it, $55.62, against Martha M. Barthell, against C. H. Barthell $88.76, against G. P. Barthell $52.45, against Anna Steinbach $52.45, against M. J. Barthell $75.63, and against the estate of J. M. Barthell, deceased, the sum of $217.82; these taxes being upon real and personal property, including in some cases a small amount on moneys and credits.

It will be noticed from the contract that for some reason seven persons in addition to those who were parties to the appeal were brought into the settlement, and that taxes assessed or to be assessed for the year 1908, which were not included in the original appeals, were also expressly covered. Defendants contend that the additional parties were introduced because they were heirs of J. M. Barthell, deceased, from whom they inherited the moneys and credits which it is claimed had been omitted with the thought of closing up the entire matter of omitted taxes for the years in question, and they also say that the year 1908 was referred to in order to cover any future assessment on omitted property for that year. While, on the other hand, plaintiffs say that the negotiations for settlement at all times had reference not only to taxes on omitted property, but covered all taxes assessed or to be assessed against any or all of the parties named, for the years named in the agreement of settlement, and that, in all negotiations for the settlement, all taxes then due, or assessed, or to be assessed, were specifically mentioned, and the fact that some of the taxes were not then due was considered and taken into account. It is unfortunate that the agreement of settlement was so carelessly draughted as to be subject to two constructions. Standing alone and without

reference to any of the circumstances surrounding its making, it clearly covers all taxes for the years 1903, 1904, 1905, 1906, 1907, and 1908, and but for the fact that the original controversy was over omitted property and made by tax ferrets whose only employment was to collect such taxes, there would be no doubt in our opinion that it supports plaintiffs' contention.   One of the tax ferrets testifies, however, that the agreement was made to cover omitted taxes for the years 1903 to 1907, inclusive, and any claim for taxes on such property which it might be claimed should be assessed for the year 1908.   But this is expressly denied by at least three witnesses who testified that in all the negotiations all taxes for the years mentioned, including taxes on the real estate, were expressly mentioned and taken into account.   It is manifest that in this settlement new parties were brought in for some purpose, and taxes included which down to that time had not been the subject of controversy.   At that time no claim was being made against some of these new parties, but taxes had been assessed against them on other property, and it is also shown that nothing but regular taxes had ever been assessed or claimed against them.   The preponderance of the testimony shows that mention was made of the fact that some of the taxes covered by the agreement were not yet due, and the record shows that Chas. Barthell stated to Mr. Peisen, who made the settlement, that he had no moneys and credits, that there was a regular tax against him on real and personal property at that time, that he would not settle unless these regular taxes were included, and that upon the settlement he paid $100 of the $1,800 agreed upon.   A reading of the testimony satisfies us that the preponderance is with the plaintiffs, and that those of them having to do with the settlement—three in number—fully understood and believed that all their taxes for the years 1907 and 1908 were included in the settlement.   As we view it, the wording of the agreement itself lends support to this contention.

At any rate, if they were mistaken in their belief, as

defendants contend, they (defendants) as representatives of the county cannot hold the money paid in because of the mistake and collect the taxes too. The most that can be claimed from the record is that a mutual mistake was made, not only in the negotiations but in drawing the stipulation as well; but that in our opinion is not sufficient to defeat the plaintiffs.

5. SAME: mutual mistake: estoppel.

From this conclusion it follows that the decree must be, and it is, reversed, and the cause remanded for one in harmony with the opinion.—*Reversed* and *Remanded.*