PAUL L. WILLIAMS, appellant, v. KENNETH L. BOURNE and SWIFT & COMPANY, appellees; UNITED STATES OF AMERICA, intervenor-appellee.

No. 49056.

(Reported in 79 N.W.2d 751)

DECEMBER 11, 1956.

Lundy, Butler & Lundy and Donald C. Wilson, all of Eldora, for appellant.

Smedal, Maurer & Seiser, of Ames, for defendant-appellee Kenneth L. Bourne.

Bateson & Ryan, of Eldora, for defendant-appellee Swift & Company.

Theodore G. Gilinsky, of Sioux City, for intervenor-appellee United States of America.

LARSON, J.—Only one issue need be considered in this appeal. Was the judgment entered by the trial court on its own motion a final judgment? We believe it was not, and therefore defendant's motion to dismiss plaintiff's appeal must be sustained, for it is admitted appellant made no attempt to comply

with Rules of Civil Procedure, rule 332, relating to an interlocutory appeal.

Pursuant to the terms of a written lease, plaintiff and defendant Kenneth L. Bourne were operating a farm owned by defendant on a fifty-fifty basis. While it appears plaintiff did most of the selling, defendant on this occasion sold thirty-six head of hogs to Swift & Company at Marshalltown, Iowa, and failed to pay plaintiff one half the receipts therefrom. Plaintiff filed his action at law to recover one half the sale price and demanded a jury trial. Defendant filed an answer which, while it did not contain a counterclaim, asked for an accounting by plaintiff under the terms of the lease. Though plaintiff's claim was on such a transaction under the lease, he filed a reply questioning the propriety of defendant's affirmative pleading. Thereafter, the United States filed a petition of intervention alleging a mortgage on the hogs sold and asking for plaintiff's share of the receipts therefrom.

Plaintiff's answer admitted the allegations of the intervenor and joined its prayer for relief. Defendant's answer denied intervenor's claim and alleged a statutory and contract landlord's lien on the plaintiff's share of the hog receipts, superior to the lien of intervenor.

On February 23, 1956, the trial court entered an order requiring that plaintiff produce "for inspection, copying, and photostating by defendant or his attorney" papers and books requested by defendant's motion, and ordered defendant to "file his amendment to answer or his counterclaim on or before February 29, 1956."

On the same date, but subsequent to the above order, the trial court filed the following judgment:

"On February 17 and 21, 1956, defendant Bourne's motions to produce, transfer to equity, and continue came on for hearing. * * *

"In the course of the argument defendant admitted that plaintiff is entitled to judgment for half of the selling price of hogs sold by defendant, or $685.79, subject however to (1) such offsets as may be established upon accounting and (2) such rights as the United States of America, intervenor, may establish. The

money for the full selling price has been deposited with the clerk of this court by the purchaser of the hogs.

"AND Now, on February 23, 1956,

"IT IS THE JUDGMENT OF THE COURT:

"1.   That plaintiff have and recover of and from defendant Kenneth L. Bourne the sum of $685.79. Interest and costs to abide the outcome of the accounting action.

"2.   That execution upon this judgment and disposal by the clerk of the sum of $1371.58 in his hands be withheld until the further order of the court.

"3.   That notwithstanding R. C. P. 29 this judgment is subject to any offsets defendant Bourne may establish upon accounting; and also the such rights as intervenor United States of America may establish."

Thereafter on February 29, 1956, and pursuant to the production of books and records required of plaintiff, defendant withdrew his answer and filed a substituted answer and counterclaim which set up various items claimed owing him from plaintiff by reason of their operations under the lease. Plaintiff on March 7, 1956, filed a motion to strike defendant's counterclaim, but before the trial court ruled thereon, appealed to this court. Defendant then filed his motion to dismiss the appeal, and on July 26, 1956, we ordered that motion submitted with the case.

Errors alleged by appellant were (1) that the trial court erred in rendering a judgment in favor of plaintiff conditional on contingencies, and (2) that the trial court in a final judgment erred in attempting to eliminate the bar expressly provided for in rule 29, R. C. P., relating to compulsory counterclaims. It is his contention herein that the judgment is final and that these conditions (1) invalidate it or (2) are surplusage, and that due to the trial court's errors, we should correct the judgment to remove the surplusage or reinstate plaintiff's claim for further court proceedings without conditions and thereby bar defendant's compulsory counterclaim.

I.   We are satisfied that as a general rule final judgments must not be conditional, and unless there is an equitable phase of the action where it is necessary to protect the interests of defendants, such a conditional judgment is wholly void. Ben-

ton v. Alcazar Hotel Co., 354 Mo. 1222, 194 S.W.2d 20; 49 C.J.S. 192, Judgments, section 73; Seeger v. Odell, 18 Cal.2d 409, 115 P.2d 977, 136 A. L. R. 1291. However, such a rule here aids only in our effort to determine the intent and meaning of this judgment. What was its intent and meaning? Was the judgment intended as a final judgment? Under Construction and Operation of Judgment, 49 C. J. S., section 436, page 862, we find:

"An ambiguous judgment should be construed as a whole so as, if possible, to give effect to all parts thereof and to effectuate the *intent and purpose of the court.* [Emphasis supplied.] * * * The general rules of construction of written instruments have been held to apply to the construction of judgments."

See Whittier v. Whittier, 237 Iowa 655, 662, 23 N.W.2d 435, 440; Sutton v. Schnack, 224 Iowa 251, 275 N.W. 870; Weir & Russell Lumber Co. v. Kempf, 234 Iowa 450, 12 N.W.2d 857, 860.

Doubtful or ambiguous judgments are to have a reasonable intendment to do justice and avoid wrong, and if possible the courts will adopt a construction which will support the judgment rather than one which will destroy it. In such cases, in order to discover the true nature of the judgment, we may look to the surrounding circumstances as disclosed by the record. Barthell v. Hermanson, 158 Iowa 329, 335, 138 N.W. 1108. A careful examination of this decree convinces us the most that can be attributed to the court's intendment is that it was a finding that there should be a judgment for plaintiff for $685.79 unless defendant established his affirmative defenses, time for asserting same being specifically authorized and directed by the court. Clearly, all the issues were not yet made up in this cause, for the trial court at that time said: "In this case the pleadings are not settled."

II. We have on various occasions considered the distinction between an interlocutory and a final order or judgment of the trial court. We said in Stolar v. Turner, 236 Iowa 628, 644, 19 N.W.2d 585, 592:

"Rule 331(a) provides that, 'All final judgments and decisions of courts of record * * * may be appealed to the Supreme

Court' except those lacking the jurisdictional amount fixed in Rule 333. Paragraph (b) provides: 'No interlocutory ruling or decision may be appealed, except as provided in Rule 332, until after the final judgment or order.' * * * If the decree of October 21, 1945, herein, was an interlocutory order, as contemplated by Rule 331(b), the motion to dismiss is good. * * * In Phillips v. Catterson, 235 Iowa 715, 719, 17 N.W.2d 517, 520, we quote from the New Century Dictionary the definition of 'interlocutory' as being 'not finally decisive of a case.' "

Other pronouncements of a like nature are found in Hubbard v. Marsh, 239 Iowa 472, 32 N.W.2d 67; In re Estate of Swanson, 239 Iowa 294, 31 N.W.2d 385; Scott v. Manley, 240 Iowa 722, 36 N.W.2d 474; Wilson v. Corbin, 241 Iowa 226, 40 N.W.2d 472; In re Estate of France, 244 Iowa 519, 57 N.W.2d 198; Hagmeier v. Dryden Rubber Division, 245 Iowa 1121, 66 N.W.2d 111; Cook, Iowa Rules of Civil Procedure, Volume 4, Advisory Committee Comment, page 10; 4 C. J. S., Appeal and Error, section 94, page 187; 2 Am. Jur., Appeal and Error, section 23, page 863, and cases cited therein.

We said in Ruth & Clark, Inc. v. Emery, 235 Iowa 131, 133, 15 N.W.2d 896, 898, an order or judgment "is interlocutory if it does not dispose of the cause or if an inquiry as to matter of law or fact is directed preparatory to a final decision." Also in In re Estate of Swanson, 239 Iowa 294, at 305, supra, we held a "final decision" is one that finally adjudicates the rights of the parties and puts it beyond the power of the court which made it to place the parties in their original condition or puts the case out of court, while an "interlocutory order" is one that is not finally decisive of the case. Hagmeier v. Dryden Rubber Division, supra; In re Estate of Starlin, 241 Iowa 72, 40 N.W.2d 1; Whittier v. Whittier, supra. Provision is made for just such an interlocutory judgment under our Rules of Civil Procedure No. 105.

Under the language of the order or judgment in the case before us the parties advance opposite contentions. While we believe the decree itself discloses the interlocutory nature of the judgment, if its meaning were considered ambiguous, proper evaluation of the surrounding circumstances reveals that the trial court did not consider this judgment as disposing of the

case or that the cause was placed beyond the court's power to further adjust the rights of the parties. From the entire record we observe the trial court was aware that defendant was attempting to assert his compulsory counterclaim, accrued under the terms of the lease, and in order to do so needed information as to the accounting due him. The trial court recognized the hog transaction as one of the items involved in a final accounting and, prior to this judgment, ordered the production of necessary books and papers by plaintiff so that defendant could file his counterclaim and finally adjudicate the rights of all parties. Time was extended for such filing and the court's order recognized the determination of this affirmative defense as necessary to fully determine the issue as to whom sums were justly due, and to whom costs were to be taxed.

By these tests this judgment is clearly interlocutory, and to hold otherwise would not be just or proper. Only at the conclusion of a hearing on these issues can this case be finally decided. No prior order of court having been obtained for this appeal under the provisions of rule 332(a), defendant's motion to dismiss must be sustained.—Appeal dismissed.

All JUSTICES concur.