No. 95-157

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE SUPPORT OBLIGATION OF:
STUART ANTHONY DAY,
    Absent parent Plaintiff
    and Respondent,

-v-

STATE OF MONTANA, DEPARTMENT OF
SOCIAL AND REHABILITATION SERVICES,
CHILD SUPPORT ENFORCEMENT DIVISION,

    Defendant and Appellant.



FILED

JUL 27 1995

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Seventeenth Judicial District,
               In and for the County of Phillips,
               The Honorable John C. McKeon, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Ann Hefenieder, Department of SRS, Child Support
          Enforcement Division, Billings, Montana

      For Respondent:

          Loren J. O'Toole, II, O'Toole & O'Toole, Plentywood,
          Montana

Submitted on Briefs:  June 20, 1995

Decided:  July 27, 1995

Filed:

Justice James C. Nelson delivered the Opinion of the Court.

The plaintiff, Stuart Anthony Day (Day), brought a petition in the District Court seeking review of a decision of the Child Support Enforcement Division (CSED) that his child support obligation was past due and permitting CSED to begin income withholding to satisfy the arrearage. The District Court for the Seventeenth Judicial District, Phillips County, reversed the agency decision holding that CSED's action on child support arrearage was barred under the statute of limitations of the Fort Peck Tribal Code. CSED's motion for reconsideration of that order was denied. CSED appeals. We reverse and remand.

The issues on appeal are:

1. Did the District Court err by holding that the Fort Peck Tribal Code's statute of limitations applies in this case rather than Montana's longer statute of limitations?

2. Did the District Court err by holding that CSED cannot enforce the Tribal Court judgment without initiating an action in District Court?

Stuart Anthony Day and Vina Buckles (Buckles) were divorced in Nevada on March 15, 1982. They were the parents of four minor children, for whom Day was ordered to pay support in the amount of $200.00 per child per month, beginning April 1, 1982.

Sometime thereafter, the parties moved to Montana and agreed to modify Day's support obligation. On March 18, 1983, the Tribal Court of the Fort Peck Indian Reservation, entered an order incorporating the agreement and modifying Day's child support

2

obligation.

In June 1983, Buckles applied for and received public assistance through Aid to Families with Dependent Children (AFDC). Under the applicable state and federal laws, she assigned her rights to child support payments to CSED.

On August 11, 1983, and again on July 1, 1986, the Tribal Court issued orders requiring the payment of past-due child support. All four children have now reached 18 years of age and the last month any benefits were paid by AFDC was February 1990.

On July 15, 1993, CSED sent Day a notice of intent to withhold portions of his wages for payment of past-due child support. An amended notice of intent to withhold was sent to Day by CSED on September 7, 1993. Day contested CSED's decision to withhold for past-due support and a telephonic hearing before the Administrative Law Judge (ALJ) was held on September 8, 1993.

At the hearing, Day presented a written memorandum that the Fort Peck Tribal Code's five-year statute of limitations barred enforcement of the judgments obtained in 1983 and 1986. Section 306 of Title VI of the Fort Peck Tribal Code provides:

> **Life of judgment.** No judgment of the court for money shall be enforceable after five (5) years from the date of entry, unless application to renew the judgment shall have been filed before the date of expiration pursuant to Section 307.

Contrary to Day's contention that the judgments had expired, CSED argued that Montana's ten-year statute of limitations concerning collection of past-due child support, as provided by § 27-2-201(3), MCA (1993), was applicable in this case. The ALJ

3

agreed and in his order of December 6, 1993, ruled in favor of CSED. Day was found to owe a total of $24,226.00 in past-due child support.

Day appealed to the District Court arguing that his substantial rights had been prejudiced. The District Court reversed the ALJ's order and stayed CSED from enforcing any decision to withhold income for delinquent child support based on the Tribal Court judgment. The District Court held that CSED's action on child support arrearage stemming from the 1983 and 1986 Tribal Court judgments was barred under the five-year statute of limitations of the Fort Peck Tribal Code. Moreover, the District Court ruled that, in order for CSED to collect any non-barred child support, CSED would be required to proceed judicially, instead of proceeding with its administrative income-withholding procedure. CSED's motion to the District Court for reconsideration of its order was denied. CSED appeals the District Court's order reversing the agency decision as well as the court's order denying CSED's Motion for Reconsideration.

## Issue 1

Did the District Court err by holding that the Fort Peck Tribal Code's statute of limitations applies in this case rather than Montana's longer statute of limitations?

The ALJ determined that Montana's 10-year statute of limitations applies in the case before us on appeal. The ALJ cites the United States Supreme Court's decision in Roche v. McDonald (1928), 275 U.S. 449, 48 S.Ct. 142, 72 L.Ed. 365, for the

4

proposition that a state with a longer statute of limitations can enforce the judgment of a sister state which judgment would be barred by the sister state's shorter limitation period. The ALJ concluded that the Fort Peck Tribe should be afforded the same status as a sister state and entitled to full faith and credit for its judgment.

The District Court reversed the ALJ concluding that under Wippert v. Blackfeet Tribe (1982), 201 Mont. 299, 654 P.2d 512, full faith and credit does not apply to Indian tribes. More correctly stated, full faith and credit does not apply to the orders, judgments and decrees of Indian tribal courts. Rather, Montana treats tribal court judgments with the same deference shown decisions of foreign nations as a matter of comity. Wippert, 654 P.2d at 515.

The District Court noted that foreign judgments must meet the requirements of the Uniform Foreign Money-Judgments Recognition Act (the Recognition Act) found at Title 25, Chapter 9, part 6, MCA. The Recognition Act, effective October 1, 1993, provides for the enforcement of a judgment of a foreign state granting or denying recovery of a sum of money. Specifically, the District Court noted that under the Recognition Act, a foreign judgment must be enforceable where rendered. Section 25-9-603, MCA. The court held that since the action in the case before us on appeal is time-barred in the Fort Peck Tribal Court, it is no longer enforceable and fails to meet the requirement of § 25-9-603, MCA.

On appeal, CSED contends that given the enactment of the

5

federal Full Faith and Credit for Child Support Orders Act (the Child Support Act), which was effective prior to the District Court reaching its decision, the court on judicial review should have applied the provisions of the Child Support Act to uphold the ALJ's order. Day contends that since the Child Support Act was not in place at the time of this action it does not apply.

Our review of a district court's conclusions of law is plenary. We simply determine whether the court's interpretation of the law is correct. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

Although, generally, the District Court's statements regarding the Recognition Act were correct, the court's application of that Act in this case was erroneous. As regards child support orders issued in Indian tribal courts, Indian tribes are deemed to be "States," 28 U.S.C. § 1738B(b), and are, therefore, excepted out of the definition of "foreign states" under the provisions of the Recognition Act. Section 25-9-602(2), MCA. Additionally, judgments for support in matrimonial or family matters are not considered "foreign judgments" under the Recognition Act. Section 25-9-602(1), MCA. Hence, the Recognition Act is not applicable, and the District Court was incorrect in applying its provisions in the instant case.

That brings us to the Child Support Act, the provisions of which the District Court declined to apply. In 1994, Congress determined that a lack of uniformity in the laws regarding child support orders encouraged noncustodial parents to relocate to other

6

states to avoid the jurisdiction of the courts of the home state. This contributed to relatively low levels of child support payments in interstate cases and to inequities in child support payment levels that are based solely on the noncustodial parent's choice of residence. To counteract this problem, Congress enacted Public Law 103-383, known as the Full Faith and Credit for Child Support Orders Act (28 U.S.C. § 1738B (1994)).

As mentioned above, the Child Support Act defines a "State" to include "Indian country." 28 U.S.C. § 1738B(b). Additionally, the Act provides:

> PERIOD OF LIMITATION.--In an action to enforce a child support order, a court shall apply the statute of limitation of the forum State or the State of the court that issued the order, *whichever statute provides the longer period of limitation.* [Emphasis added.]

28 U.S.C. § 1738B(g)(3) (1994).

We have previously held that an appellate court must apply the law in effect at the time it renders its decision. In re Marriage of Elser (1995), 895 P.2d 619, 52 St.Rep. 434, (citing Haines Pipeline v. MPC (1991), 251 Mont. 422, 433, 830 P.2d 1230, 1238). An appellate court must give effect to the latest enactment of the legislature and must decide each case in accordance with existing laws. See, United States v. Schooner (1801), 5 U.S. 103, 2 L.Ed. 49. Moreover, this rule applies regardless of whether the change is constitutional, judicial or statutory. Thorpe v. Housing Auth. of the City of Durham (1969), 393 U.S. 268, 282, 89 S.Ct. 518, 526, 21 L.Ed.2d 474, 484. As we pointed out in <u>Haines</u>, however, there is an exception to the general rule when application of a new law

7

would result in manifest injustice, which we have defined as occurring when application of the new law impairs a vested right. Haines, 830 P.2d at 1238. We have also held that a judgment is not vested while it is subject to review or while an appeal is pending. Haines, 830 P.2d at 1238; Brockie v. Omo Construction, Inc. (1994), 268 Mont. 519, 526, 887 P.2d 167, 171.

Since the Child Support Act was effective on October 20, 1994, prior to the District Court rendering its decision, the court should have applied the provisions of this Act and should have enforced the longer period of limitation provided by Montana statute.

We next must determine which Montana 10-year statute of limitations is the correct one to apply in this case. The ALJ concluded that § 27-2-201(3), MCA (1993), applied. However, that statute provides:

> [t]he period prescribed for the commencement of an action to collect past-due child support that has *accrued after October 1, 1993*, under an order entered by a court of record or administrative authority is within 10 years of the termination of the support obligation.

Section 27-2-201(3), MCA (1993). (Emphasis added.) Since the child support arrearages in the instant case accrued prior to October 1, 1993, this statute cannot apply to the case before us on appeal. Rather, the correct statute to apply is § 27-2-201(1), MCA (1993), which provides:

> the period prescribed for the commencement of an action upon a judgment or decree of any court of record of the United States or of any state within the United States is within 10 years.

See In re Marriage of Brown (1994), 263 Mont. 184, 867 P.2d 381.

8

Accordingly, we hold that, by reason of the applicability of the Child Support Act to this case, Montana's 10-year statute of limitations as provided by § 27-2-201(1), MCA (1993), applies.

In closing our discussion on this issue, however, and, in view of our holding that the District Court erred in applying the Recognition Act in this case, we believe it is appropriate to also point out that we are not deciding here whether the Recognition Act (enacted as Ch. 441, L. 1993) is applicable to Indian Tribal Court orders, judgments and decrees that do not involve child support nor do we express any opinion with regard to the interplay between that Act, the Uniform Enforcement of Foreign Judgments Act (the Enforcement Act; found at Title 25, Chapter 9, part 5, MCA), and our decision in Wippert as regards such orders, judgments and decrees which do not involve child support.

## Issue 2

Did the District Court err by holding that CSED cannot enforce the Tribal Court judgment without initiating an action in District Court?

Under our decision in Wippert, the orders, judgments and decrees of an Indian Tribal Court are not entitled to full faith and credit. Rather, we determined that such orders, judgments and decrees are to be treated with the same deference shown the decisions of foreign nations as a matter of comity. Wippert, 654 P.2d at 515. As a result, under the rule in Wippert, absent some specific statute granting full faith and credit or a statute specifying some other procedure for enforcement, in order to

9

enforce an order, judgment or decree of an Indian Tribal Court, the holder must bring an action or special proceeding in District Court. Wippert, 654 P.2d at 515. See also, 44 Op.Att'y Gen. 15 (1991).

Where, however, the order, judgment or decree of the Indian Tribal Court *is* entitled to full faith and credit, then the holder may, but is not required to "sue out" the order, judgment or decree in an action or special proceeding in District Court. In the alternative, the holder of an Indian Tribal Court order, judgment or decree entitled to full faith and credit may also use the simplified registration procedures set forth in the Enforcement Act. Sections 25-9-502 and 25-9-503, MCA.

The Enforcement Act provides a procedure for the filing of a foreign judgment with the clerk of the district court and permits the clerk to treat the foreign judgment in the same manner as a judgment of the district court. Section 25-9-503, MCA. For purposes of the Enforcement Act, a "foreign judgment" is a "judgment, decree, or order of a court of the United States *or of any other court which is entitled to full faith and credit* in this state." Section 25-9-502, MCA. (Emphasis added.)

Since child support orders of Indian tribal courts are entitled to full faith and credit under the Child Support Act, the simplified registration procedures of the Enforcement Act are available in addition to the procedure of enforcing such an order by way of an action or special proceeding in district court. Sections 25-9-502, 25-9-503, and 25-9-507, MCA. Such a tribal

10

court order or judgment may be either filed in the office of the clerk of any district court in Montana, in accordance with the procedures set forth under the Enforcement Act or sued out in District Court by way of an action or special proceeding to enforce the judgment.

Additionally, with respect to child support orders involving public assistance under Title IV-D of the Social Security Act, a third alternative is available for enforcement. Under Montana's Child Support Enforcement Act, found at Title 40, Chapter 5, part 4, MCA, withholding of income to pay child support is allowed without the need for court action. Section 40-5-402(4), MCA. To protect the child support debtor's due process rights, the income withholding process provides for notice of an intent to withhold income, § 40-5-413, MCA, and an opportunity for pre-seizure hearings, § 40-5-414, MCA.

The Child Support Enforcement Act applies to all support obligations being enforced or collected by the Department of Social and Rehabilitation Services, as in the instant case. Section 40-5-402(2), MCA. Under this Act, a "support order" includes an order of a court of appropriate jurisdiction of another state. Section 40-5-403(7), MCA. Since Indian tribes are deemed "states" for purposes of child support orders under the federal Child Support Act, Montana's Child Support Enforcement Act may be employed in the instant case as well.

Consequently, in instances where the Child Support Enforcement Act applies, the creditor may either commence administrative

11

enforcement proceedings, including income withholding, register the judgment with the District Court under the Enforcement Act or file an action or a special proceeding in District Court to enforce the judgment.

Accordingly, we hold that the District Court erred in its ruling that CSED cannot enforce the Tribal Court judgment without initiating an action in District Court.

Reversed and remanded for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices