In re the MARRIAGE OF Donald R. ZAHND and Vicki L. Zahnd.

Upon the Petition of

Donald R. Zahnd, Petitioner–Appellant,

And Concerning

Vicki L. Zahnd, Respondent–Appellee.

No. 96–0648.

Court of Appeals of Iowa.

May 29, 1997.

---

Theodore R. Hoglan of Fairall, Fairall, Kaplan, Hoglan, Condon & Klaessy, Marshalltown, for Petitioner–Appellant.

Kevin R. Hitchins of Grimes, Buck, Shoell & Beach, Marshalltown, for Respondent–Appellee.

Considered by SACKETT, P.J., and CADY and VOGEL, JJ.

SACKETT, Presiding Judge.

Petitioner-appellant Donald Zahnd challenges a finding in a dissolution action that the Iowa court did not have jurisdiction to consider child support for his daughter Megan. We affirm and remand.

Donald, living in Iowa, filed in Iowa on July 24, 1995, a petition to dissolve his marriage to respondent-appellee Vicki Zahnd. At the time Donald filed the petition, Vicki was living in Virginia with Megan. A Virginia custody order gave Vicki custody of Megan.

On August 3, 1995, Donald, while in Virginia, was served with notice of the pendency of a proceeding in Virginia for the support of Megan. On August 7, 1995, Vicki filed an answer pro se to the Iowa proceedings. In a cross-bill, she claimed the Virginia proceed-

ing should take precedence. On October 17, 1995, the Virginia court entered an order requiring Donald to pay child support of $493 per month.

On February 28, 1996, the Iowa district court held a hearing on whether it had jurisdiction in the dissolution action to consider child support. The parties agreed to address this issue at the hearing and to defer the other issues in the dissolution until this issue was resolved. The Iowa district court concluded Vicki's answer adequately raised the issue of jurisdiction. The district court, relying on the federal Full Faith and Credit for Child Support Orders Act, 28 U.S.C. section 1738B (1994), determined under the federal act it could not modify the Virginia support order, but it did have jurisdiction to consider the dissolution and division of property.

Donald contends the Iowa court in the dissolution action has jurisdiction and should consider and fix his child support obligation for Megan.

The first question we need to address is whether the order appealed from is a final order from which appeal can be taken. Iowa Rule of Appellate Procedure 1 provides:

   (a) All final judgments and decisions of the district court ..., involving the merits or materially affecting the final decision, may be appealed to the Supreme Court, except as provided in this rule....

   (b) No interlocutory ruling or decision may be appealed except as provided in rule 2, Rules of Appellate Procedure, until after the final judgment or order....

   (c) If an appeal to the supreme court is improvidently taken because the order from which appeal is taken is interlocutory, this alone shall not be ground for dismissal. The papers upon which the appeal was taken shall be regarded and acted upon as an application for interlocutory appeal under rule 2, Rules of Appellate Procedure, as if duly presented to the supreme court at the time the appeal was taken.

Iowa R.App. P. 1.

■ A party may appeal as of right from any final order or judgment. Iowa R.App. P. 1(a); *Rowen v. LeMars Mut. Ins. Co.*, 357 N.W.2d 579, 581 (Iowa 1984). If a ruling or decision is interlocutory, we lack jurisdiction unless permission to appeal is granted. *See* Iowa R.App. P. 2; *Rowen*, 357 N.W.2d at 581. An interlocutory order is "one that is not finally decisive of the case." *Williams v. Bourne*, 248 Iowa 189, 194, 79 N.W.2d 751, 754 (1956). An order is interlocutory if it directs an inquiry into a matter of fact preparatory to a final decision. *In re C.S.*, 516 N.W.2d 851, 857 (Iowa 1994).

■ The issue of child support is one of several issues raised in Donald's petition for dissolution. Ordinarily a final judgment conclusively adjudicates all the rights of the parties. *Rowen,* 357 N.W.2d at 581. The order appealed from is not a final adjudication of all rights of the parties in the dissolution action.

Iowa Rule of Appellate Procedure 1(c) provides if a party improperly attempts an appeal as of right from an order that is determined to be interlocutory, the papers in those cases can be treated as the application for interlocutory appeal. *Rowen*, 357 N.W.2d at 581.

■ There is a reluctance to allow interlocutory appeals in this way. *See id.* We grant the appeal because it will resolve the issue of Donald's child support obligation for his daughter.

■ Questions of jurisdiction, authority, and venue are legal issues. *In re Marriage of Engler*, 532 N.W.2d 747, 748 (Iowa 1995). We review for correction of errors of law. *Id.*

Donald first argues Vicki submitted to the jurisdiction of the Iowa court. We agree with him on this argument.

■ Vicki filed an answer and an appearance. She did not file any motions prior to filing her answer. The answer is a responsive pleading. *In re Marriage of Schroeder*, 393 N.W.2d 808, 809 (Iowa 1986). Iowa Rule of Civil Procedure 104(a) provides a motion challenging personal jurisdiction should be filed before a responsive pleading. If the motion challenging personal jurisdiction is not filed before the responsive pleading, the issue is deemed waived. Iowa R.

Civ. P. 104(a); *Percival v. Bankers Trust Co.*, 450 N.W.2d 860, 861 (Iowa 1990).

■ The inquiry does not end here. We need to determine whether the Full Faith and Credit for Child Support Orders Act precludes the Iowa district court from considering the issue of child support. Under the Supremacy Clause of the United States Constitution, the provisions of the Full Faith and Credit for Child Support Orders Act are binding on all states and supersede any inconsistent provisions of state law. *Kelly v. Otte*, 123 N.C.App. 585, 589, 474 S.E.2d 131, 134 (1996). In 1994, Congress determined a lack of uniformity in the laws regarding child support orders encouraged noncustodial parents to relocate to other states to avoid the jurisdiction of the courts of the home state. *Day v. State*, 272 Mont. 170, 175, 900 P.2d 296, 300 (1995). This contributed to relatively low levels of child support payments in interstate cases and to inequities in child support payment levels that are based solely on the noncustodial parent's choice of residence. *Id.*, 900 P.2d at 300. To counteract this problem, Congress enacted the Full Faith and Credit for Child Support Orders Act. *Id.*, 900 P.2d at 300.

The act provides that a child support order is made consistently with the full faith and credit act if:

(1) a court that makes the order, pursuant to the laws of the State in which the court is located—

(A) has subject matter jurisdiction to hear the matter and enter such an order; and

(B) has personal jurisdiction over the contestants; and

(2) reasonable notice and an opportunity to be heard is given to the contestants.

28 U.S.C. § 1738B(c).

■ Donald acknowledged he was served with notice of the Virginia support proceeding on August 3, 1995. Vicki did not submit to the jurisdiction of the Iowa court until she filed her answer on August 7, 1995. There is no evidence the support order was entered in violation of the laws of Virginia. There is no evidence Donald apprised the Virginia court of the pending Iowa action. There is no

evidence Donald contested the Virginia support action. Donald had the burden to raise his challenges before the Virginia court. Donald has waived his claims challenging the jurisdiction of the Virginia court.

We conclude the Virginia support order is a valid order. Under 28 U.S.C. section 1738B(a), it should be enforced in Iowa. Subsection (a) provides:

(a) GENERAL RULE.—The appropriate authorities of each State—

(1) shall enforce according to its terms a child support order made consistently with this section by a court of another State; and

(2) shall not seek or make a modification of such an order except in accordance with subsection (e).

28 U.S.C. § 1738B(a). Subsection (e) provides:

(e) AUTHORITY TO MODIFY ORDERS.—A court of a State may make a modification of a child support order with respect to a child that is made by a court of another State if—

(1) the court has jurisdiction to make such a child support order; and

(2)(A) the court of the other State no longer has continuing, exclusive jurisdiction of the child support order because that State no longer is the child's State or the residence of any contestant; or

(B) each contestant has filed written consent to that court's making the modification and assuming continuing, exclusive jurisdiction over the order.

Donald contends the Iowa district court had jurisdiction to modify the Virginia order.

Section 1738B(e) of the Full Faith and Credit for Child Support Orders Act allows modification of a child support order of a sister state if the rendering state loses continued, exclusive jurisdiction over the child support order. *Kelly*, 123 N.C.App. at 592, 474 S.E.2d at 135.

■ We agree with the district court's conclusion there is insufficient evidence to permit the Iowa court to modify the Virginia support order under subsection (e). Virginia

has continuing jurisdiction because Megan continues to reside there. *See* 28 U.S.C. § 1738B(b), (d). Vicki has not filed a written consent to a modification in Iowa. Under the federal Full Faith and Credit for Child Support Orders Act, the Iowa district court did not have authority to modify the Virginia support order.

Vicki seeks attorney fees for this appeal. She has presented no evidence of the financial circumstances of the parties. Each party should pay his or her own appellate attorney fees.

We affirm the district court's decision on the issue of the Virginia child support order. We remand for further proceeding in the parties' dissolution action.

**AFFIRMED AND REMANDED.**

VOGEL, J., concurs.

CADY, J., specially concurs.

CADY, Judge, concurring.

I specially concur in the result. I would conclude, however, the appeal is interlocutory and should be dismissed. I do not believe the district court ruling materially affects the final decision, nor do I find a determination of its correctness before final adjudication will better serve the interests of justice. Iowa R.App. P. 2.