# IN THE COURT OF APPEALS OF IOWA

No. 17-2019
Filed November 21, 2018

**ANDREW LENNETTE, Individually and on behalf of C.L., O.L., and S.L., Minors,**
Plaintiff-Appellee,

**vs.**

**STATE OF IOWA, MELODY SIVER, AMY HOWELL, and VALERIE LOVAGLIA,**
Defendants-Appellants.
_____

Appeal from the Iowa District Court for Linn County, Christopher L. Bruns, Judge.

Defendants in a civil lawsuit appeal a district court ruling partially denying their pre-answer motion to dismiss. **AFFIRMED.**

Thomas J. Miller, Attorney General, Jeffrey S. Thompson, Solicitor General, and Julia S. Kim, Assistant Attorney General, for appellants.

Martin Diaz, Swisher, for appellee.

Heard by Tabor, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Defendants[1] in a civil lawsuit appeal a district court ruling partially denying their pre-answer motion to dismiss.

## I.  Background Facts and Proceedings

In September 2017, Andrew Lennette, on behalf of himself and his three children, filed a petition at law against defendants asserting, among other things, "a claim for violation" of his and his children's "Iowa Constitutional Rights as recognized by the Iowa Supreme Court in *Godfrey v. State*." *See generally* 898 N.W.2d 844 (Iowa 2017).  Lennette alleged the rights violated "include liberty, property, privacy, procedural and substantive due process rights in the parent-child relationship and in avoiding physical and emotional harm."  The defendants promptly filed a pre-answer motion to dismiss in which they argued, among other things, the constitutional claims should be dismissed for failure to state a claim on which relief may be granted because qualified immunity shielded them from liability as to Lennette's constitutional claims under *Godfrey*.

Prior to its ruling on the motion to dismiss, Lennette alerted the district court in a supplemental resistance that a federal district court certified a question of law to the Iowa Supreme Court as to whether a defendant could raise a defense of qualified immunity to a constitutional claim for damages under certain provisions of the Iowa Constitution.  Lennette argued the district court should not apply qualified immunity to *Godfrey*-type claims until the supreme court decided the issue.  In its ruling on the motion to dismiss, the district court concluded:

---

[1] The defendants include the State of Iowa and three employees of the Iowa Department of Human Services, Melody Siver, Amy Howell, and Valerie Lovaglia.

[T]he issue of qualified immunity for Iowa constitutional claims remains an open question and that to guess the answer to that question without a dispositive holding from the Iowa Supreme Court risks unnecessary expenses and proceedings for all involved. Further, even if the Iowa Supreme Court declines to consider the certified question described here, the doubt must be resolved in [Lennette's] favor, because the current motion is a motion to dismiss. The Court cannot say with any certainty whether qualified immunity exists in this scenario and thus cannot grant the motion on the basis of qualified immunity.

Following the court's ruling, the defendants filed an application for interlocutory appeal on the issue of qualified immunity. The application was initially denied in a single-justice order. The application was granted following defendants' motion for a three-justice review. The supreme court stayed the proceedings in the district court and transferred the matter to this court for resolution.

## II. Standard of Review

Appellate review of a district court ruling denying a motion to dismiss is for correction of errors at law. *Ackerman v. State*, 913 N.W.2d 610, 614 (Iowa 2018); *Madden v. City of Iowa City*, 848 N.W.2d 40, 44 (Iowa 2014). "A motion to dismiss should only be granted if the allegations in the petition, taken as true, could not entitle the plaintiff to any relief." *King v. State*, 818 N.W.2d 1, 9 (Iowa 2012) (quoting *Sanchez v. State*, 692 N.W.2d 812, 816 (Iowa 2005)). Denying a motion to dismiss is appropriate unless the petition "on its face shows no right of recovery under any state of facts." *Ritz v. Wappello Cnty. Bd. of Supervisors*, 595 N.W.2d 786, 789 (Iowa 1999) (quoting *Schaffer v. Frank Moyer Constr., Inc.*, 563 N.W.2d 605, 607 (Iowa 1997)). We do not consider facts contained in the motion to dismiss. *See McGill v. Fish*, 790 N.W.2d 113, 116 (Iowa 2010). "To the extent that we review constitutional claims, our review is de novo." *Id.* at 116–17.

### III.    Analysis

#### A.    Appellate Jurisdiction

On appeal, defendants contend the district court erred in denying their pre-answer motion to dismiss Lennette's constitutional claims after concluding qualified immunity is not available to shield them from liability in relation to such claims. Defendants additionally contend in this interlocutory appeal that: (1) Lennette's constitutional claims are not recognized under Iowa law and the court therefore erred in not granting dismissal for failure to state a claim for which relief can be granted; (2) if qualified immunity is available, then they are entitled to its application under the circumstances of this case; (3) they are entitled to absolute immunity; and (4) they are entitled to statutory immunity.

The parties disagree as to whether error was preserved on the four latter arguments. Defendants' application for interlocutory appeal only raised the issue of whether qualified immunity is available in relation to Lennette's constitutional claims—the application solely requested the supreme court "grant interlocutory review of the district court's ruling denying Defendants' motion to dismiss the Iowa Constitutional claims on the basis of qualified immunity." Following an initial denial of the application, the defendants' motion for a three-justice review was likewise limited to the issue of qualified immunity in relation to the constitutional claims. In response to that motion, the supreme court granted the initial application.

Obviously, defendants have raised additional arguments in their briefs on appeal that were not referenced in their materials requesting interlocutory review. We view the issue as related to jurisdiction rather than error preservation. "If a ruling or decision is interlocutory, we lack jurisdiction unless permission to appeal

is granted." *In re Marriage of Zahnd*, 567 N.W.2d 684, 686 (Iowa Ct. App. 1997); *accord In re Marriage of Graziano*, 573 N.W.2d 598, 560 (Iowa 1998); *Rowen v. LeMars Mut. Ins. Co. of Iowa*, 357 N.W.2d 579, 581 (Iowa 1984); *see* Iowa R. App. P. 6.104(1)(a); *see also Koss v. City of Cedar Rapids*, 300 N.W.2d 153, 156 (Iowa 1981) (finding the issues raised in an application for interlocutory review "set the parameters of any appellate-court jurisdiction" and jurisdiction of issues not raised in the application). Defendants only requested and received permission to appeal "the district court's ruling denying Defendants' motion to dismiss the Iowa Constitutional claims on the basis of qualified immunity." We limit our consideration to the only issue for which interlocutory review was requested and granted: the propriety of the district court's denial of defendants' motion to dismiss the constitutional claim on the basis of qualified immunity. *See also* Iowa Rs. App. P. 6.104(1)(d) (requiring applications for interlocutory review to comply with content requirements of rule 6.1002(1)), 6.1002(1)(d) (requiring appellate motions to "state with particularity the grounds on which it is based, including citations to relevant authorities").

B.      Merits

In *Godfrey*, a plaintiff sought damages in a civil suit against the State and several state officials for actions allegedly in violation of his due process and equal protection rights under article I, sections 6 and 9 of the Iowa Constitution. *See* 898 N.W.2d at 845–46. The defendants moved for summary judgment, arguing there is no private cause of action for damages for such constitutional violations. *Id.* at 846. The district court agreed and granted the motion for summary judgment. *Id.* at 846–47. On appeal, the supreme court concluded the due process and equal

protection clauses of the Iowa Constitution are self-executing for purposes of damages at law. *See id.* at 871–72. As such, the State and state officials may be sued directly for violating the equal protection and due process clauses of the Iowa Constitution "where state law does not provide an adequate compensatory damage remedy." *Baldwin v. City of Estherville*, 915 N.W.2d 259, 265 (Iowa 2018) (discussing *Godfrey*). The issue of whether qualified immunity could be asserted as a defense to such claims, however, was not before the court. *See id.*; *Godfrey*, 898 N.W.2d at 879.

After *Godfrey*, a federal district court certified a question to the Iowa Supreme Court as to whether a defendant could raise a defense of qualified immunity to a constitutional claim for damages for violation of article I, sections 1 and 8 of the Iowa Constitution. *See Baldwin v. Estherville, Iowa*, No. C15-3168-MWB, 2017 WL 10290551, at *2–3 (N.D. Iowa Oct. 2, 2017). The Iowa Supreme Court answered that question as follows:

> A defendant who pleads and proves as an affirmative defense that he or she exercised all due care to conform with the requirements of the law is entitled to qualified immunity on an individual's claim for damages for violation of article I, sections 1 and 8 of the Iowa Constitution.

*Baldwin*, 915 N.W.2d at 260–61. The court explained "that constitutional tort claims in Iowa should be subject to *some limit*." *Id.* at 275. This is because "the government officials . . . would be reluctant to fully perform their jobs if they could be found strictly liable for actions that happened to violate someone's constitutional rights." *Id.* at 277.

*Godfrey* and *Baldwin* stand for the proposition that litigants may pursue constitutional tort claims against the State and state officials for money damages

where state law does not otherwise provide an adequate compensatory damage remedy. *Godfrey* considered claims under article I, sections 6 and 9, while *Baldwin* considered claims under article I, sections 1 and 8. Lennette's petition forwards various common law claims and claims for violation of Iowa Constitutional rights recognized in *Godfrey*. The supreme court's holding in *Baldwin* "that qualified immunity should be available to those defendants who plead and prove as an affirmative defense that they exercised all due care to conform to the requirements of the law" was expressly limited to article I, sections 1 and 8. *Id.* at 279. The court left open the issue of "the possibility that constitutional claims other than unlawful search and seizure may have a higher mens rea requirement, such as intent, embedded within the constitutional provision itself." *Id.* at 281.

What is clear from *Baldwin* is that constitutional torts are not strict liability offenses, qualified immunity in constitutional tort cases is an affirmative defense, and a constitutional tort defendant must plead and carry the burden of proof in order to be entitled to the affirmative defense. *See id.* at 279–81.

In oral argument, defendants conceded the supreme court's decision in *Baldwin* is dispositive in this appeal because qualified immunity in constitutional tort cases is an affirmative defense and dismissing a cause of action at the motion-to-dismiss stage on the basis of an affirmative defense is improper. Under the circumstances of this case, we agree. Typically, "[a] motion to dismiss . . . is not a proper vehicle for the submission of affirmative defenses." *Harrison v. Allied Mut. Cas. Co.*, 113 N.W.2d 701, 702 (Iowa 1962). This is true unless the fact and nature of the affirmative defense "affirmatively appear on the face of the complaint

or petition." *See Bickford v. Am. Interins. Exch.*, 224 N.W.2d 450, 454 (Iowa 1974); *see also Pride v. Peterson*, 173 N.W.2d 549, 554 (Iowa 1970).

As noted, qualified immunity is available as an affirmative defense to constitutional tort claims. It therefore cannot be submitted through a motion to dismiss unless the facts alleged in the petition give rise to the affirmative defense. The petition at law in this case did not allude to the existence of an affirmative defense based on qualified immunity. The defendants moved to dismiss the constitutional causes of action upon the argument that they failed to state a claim for which relief could be granted, *see* Iowa R. Civ. P. 1.421(1)(f), because qualified immunity shielded them from liability. This claim was largely based on defendants' own factual assertion in their motion to dismiss that they "were reasonably acting pursuant to lawful discretionary authority." Lennette's petition at law did not include this factual allegation.

As such, we find the contents of the petition were insufficient to allow the district court to sustain defendants' motion to dismiss the constitutional claims on the basis of qualified immunity. Consequently, we affirm the denial of the motion to dismiss on that ground.

**AFFIRMED.**