Louis L. Friedman, J.
This is a separation action wherein defendant has interposed an answer in which he has asserted four separate and complete defenses, and a counterclaim. Plaintiff now moves to strike out paragraphs 5 to 14 of said answer containing said defenses, and also seeks to strike paragraphs 15 through 19 of the answer, which is a counterclaim for annulment. The basis for said motion-is that said defenses, consisting of new matter, are insufficient in law and, further, that the court has not jurisdiction of the subject of the counterclaim, that defendant does not have the legal capacity to recover on the counterclaim, that it is not one which may be properly interposed, and that it fails to state facts sufficient to constitute a cause of action.
Plaintiff’s complaint sets forth the usual allegations in an action for separation predicated on abandonment and failure *997 to support. The four defenses interposed by defendant in his answer allege that because the plaintiff’s prior marriage was not properly dissolved, although an Enoch Arden decree of dissolution has been entered with respect thereto, the parties of this action are not and never were husband and wife, and that plaintiff is still the lawful wife of the person described in the first affirmative defense. Said first affirmative defense is predicated upon the alleged claim that the petition in the Enoch Arden proceeding did not contain the necessary jurisdictional allegation to the effect that petitioner had been a resident of this State for more than one year preceding the commencement of her dissolution action, or that the matrimonial domicile was within the State (Domestic Relations Law, § 7-a). By his second affirmative defense, defendant contends that the person who subscribed his name to the verification, in the place where a notary usually does so, did not indicate following his signature that he had any authority to administer the oath. In short, it appears that the notary public did not affix his notarial stamp. The third affirmative defense alleges defects supposedly appearing in the order of publication, because said order did not specifically state the room number where the hearing was to be held. The fourth defense contains allegations to the effect that plaintiff testified falsely in said previous proceeding.
The counterclaim repeats the allegations of the affirmative defenses and sets forth additional allegations to the effect that the former husband of plaintiff is still alive, that plaintiff is still the wife of said prior husband, and the counterclaim therefore demands an annulment.
It appears without question that the fourth separate defense is insufficient. Its insufficiency was conceded upon the argument of the motion, and the order to be entered herein may therefore provide that said affirmative defense, as contained in paragraphs 13 and 14 of the answer, is stricken.
With respect to the second affirmative defense, the official acts of a notary public or an attorney acting as such notary, should not be held invalid because of the failure to comply with the provisions of section 137 of the Executive Law, which require him to set forth beneath his signature, his authority to act. In proceedings where a notary public inadvertently failed to fill out the jurat and sign his name, it was held that such defects were not jurisdictional (People ex rel. Fifth Ave. & 37th St. Corp. v. Miller, 261 App. Div. 550); nor was there a jurisdictional defect where a notary executed a certificate of acknowledgment instead of “ petition duly verified ” (Matter of Smith v. Board of Stds. & Appeals, 2 A D 2d 67). These cases also *998 hold that such defects may be corrected or cured within the framework of section 105 of the Civil Practice Act. The court has examined the original file of the Enoch Arden proceeding, and it appears therefrom that the petitioner in that action (plaintiff here) was sworn before the court. This court is of the opinion that such swearing corrected the defect. However, the papers before the court fail to make such allegation in the original complaint, and to date no reply has been served. Accordingly, so much of the motion as seeks to strike the second affirmative defense is denied, with leave to renew after plaintiff has replied to the counterclaim and the affirmative defense herein, as hereinafter indicated.
As to the third affirmative defense, with respect to the failure to specifically state the room where the hearing was to be held, the court holds that such defense is insufficient, that proper notice was set forth in the newspaper, and that the said defense should be and accordingly is stricken.
With respect to the first affirmative defense, it appears that the said defense as interposed by the defendant is properly set forth. A motion addressed to the insufficiency of a defense is analogous to a motion challenging the legal sufficiency of a complaint, and under such circumstances the plaintiff, in attacking the defense, admits the truth of the facts alleged and every intendment and fair inference which may be drawn therefrom. If the order of dissolution was jurisdictionally valid, the defendant could not attack such order collaterally and the motion to strike the defense would be justified (Arcuri v. Arcuri, 265 N. Y. 358; Matter of Aumick, 279 App. Div. 846; Matter of Valle, 131 N. Y. S. 2d 159). Such attack, however, is proper where the court did not obtain jurisdiction over the subject matter or persons. The court in Arcuri v. Arcuri (supra) followed by the subsequent decisions, was clear to establish that jurisdiction in that case was complete, and that the issue of fraud allegedly perpetrated upon the court could not be used by a third person attacking the judgment collaterally. (See, also, Sleicher v. Sleicher, 251 N. Y. 366.) In analogous situations, the courts in interpreting a similar provision, relating to a residential requirement in annulment actions to the effect that either party must be a resident of the State for at least one year prior to the commencement of the action (Civ. Prac. Act, § 1165-a, subd. 3), have held that a petition must set forth such residential requirement, or else it is defective (Matter of Niemi, 223 App. Div. 466; Weatherby v. Weatherby, 177 Misc. 355; Taylor v. Taylor, 80 N. Y. S. 2d 745).
*999 Again, reverting to the file in the original Enoch Arden proceeding, it appears therefrom that testimony was taken by the court which indicated that the petitioner therein had been a resident of the State for more than a year, and this court therefore comes to the conclusion that, if properly pleaded, such proof would be sufficient to overcome the theretofore defective petition, since the petition could have been amended by the court upon a motion made therefor. Nevertheless, since there is nothing before the court in the pleadings to set forth the facts with respect to the testimony taken on the previous proceeding, the motion to strike out the first affirmative defense is denied and the plaintiff will be given an opportunity to plead with respect thereto in the reply which she will be permitted to serve.
There remains for disposition, therefore, the application to dismiss the counterclaim. In this connection, section 1134 of the Civil Practice Act permits an action for an annulment where the former wife or husband is living, and the counterclaim is properly interposed. It may again be attacked, however, by subsequent motion on the basis of the reply, if subsequent papers before the court indicate that plaintiff is entitled to such relief.
The motion to strike out is, therefore, granted as to the third and fourth separate defenses, and denied as to the first and second separate defenses and as to the counterclaim. Plaintiff is granted 20 days from the entry of the order herein to serve a reply, and such reply may be addressed to both the counterclaim and the separate defenses which are herein sustained.
Settle order on notice.