MARGARET HOOVER, PLAINTIFF, v.
EDWARD VOIGTMAN, DEFENDANT.

Juvenile and Domestic Relations Court
Morris County

Decided November 26, 1968.

*Mr. Harold T. McGovern* for plaintiff (*Messrs. McGovern & Roseman,* attorneys).

*Mr. Leonard Goodkin,* for defendant (*Mr. Irwin Kanengiser,* attorney).

Polow, J. J. & D. R. C.  Plaintiff seeks increased support for four children born of her marriage to defendant. Her application raises the question of whether this court has the power to require continued support for Edward, the eldest son, who is now 18 years of age and a college freshman. In addition to oral argument, counsel were given the opportunity to file briefs on this question. Testimony was taken concerning the background, education and financial status of both parents as well as Edward's scholastic ability.

The marriage was terminated by foreign divorce in 1962. Both parties have since remarried. Plaintiff has had custody of the children since the divorce. Defendant's obligation to support them was fixed by order of this court, entered on April 22, 1966; it provided for payments of $60 a week and satisfaction of any unusual medical and dental expenses. On June 10, 1966 the order was modified to require defendant to pay for eye care and dental expenses of the children in addition to the $60 weekly support. Defendant is presently in arrears on support payments. The cause is disputed. Plaintiff charges defendant with a deliberate reduction in support payments because he knew Edward intended to enter college in September of this year. Defendant attributes the arrears to his financial inability to meet his obligations.

Edward was born on December 26, 1949. He was a "straight A" student in high school. Because of his particular aptitude in the sciences, he received an Allied Chemical Corporation grant and apparently has an excellent chance that the grant will be renewed. He is enrolled at Rensselaer Polytechnic Institute. If his current year is successfully completed, he plans to apply for admission to Drexel Institute in Philadelphia. Defendant concedes that the boy is scholastically gifted. He is, in fact, proud of his son's achievements. He testified that he would like his son to have a college education, but stated he was unable to afford it.

Defendant himself completed only three years of high school. Plaintiff is a high school graduate. Defendant is employed by Warner Chilcot Laboratories in Morris Plains and earns $10,500 a year. His present wife is also employed and between them they have a net monthly income of approximately $1,030. They have no children in their household at present, but apparently defendant's elderly father-in-law is partially dependent on his daughter.

Defendant argues against continuing support for his oldest son on three grounds — financial inability; the availability of Rutgers University at a much lower cost than the yearly $3,200 charge for board and tuition at Rensselaer and the absence of legal authority in this court to order such support. On the last score, we were mindful at the time of oral argument of the decision in *Nebel v. Nebel*, 99 *N. J. Super.* 256 (*Ch. Div.* 1968).[1] Defendant sees *Nebel* as inapplicable here since it was decided in the Chancery Division of the Superior Court. He argues that the Juvenile and Domestic Relations Court is limited in and to its statutory authority and is without jurisdiction to order a contribution toward college expenses. Indeed, he goes further and suggests that this court lacks the power to order support for any "child" who has reached the age of 18, relying upon *R. R.* 6:1–3(*b*) which

---

[1] On October 14 1968, the Appellate Division affirmed on the opinion below. *Nebel v. Nebel*, 103 *N. J. Super.* 216 (*App. Div.* 1968).

defines "child" as a person under that age, and upon *R. R.* 6:1–3(*c*) which defines "adult" as a person 18 years of age or over.

Plaintiff disputes the disclaimer of financial inability. She also urges a different view of *Nebel* and the power of this court. She does not seek to impose the entire obligation of Edward's education upon defendant; rather, she maintains that $15 a week for each child is no longer appropriate. She urges that circumstances have changed, living costs have increased, the children's needs become greater as they grow older, and defendant's income has increased substantially.[2] She concludes that the support for each child should be increased accordingly and that defendant should be required to continue to provide weekly support for Edward despite the fact that he is over 18, has completed his high school education and is a college student.

The jurisdiction of the Juvenile and Domestic Relations Court is defined and limited by statute. Concerning support *N. J. S.* 2*A*:4–18 confers:

> "* * * jurisdiction concurrently with such other courts as may have jurisdiction over the matter, to hear and determine in a summary manner disputes and complaints:
>
> *     *     *     *     *     *     *     *
>
> b. Involving matters of support * * * as to which jurisdiction is vested in the superior court."

The statutory language is clear. Concurrent jurisdiction means precisely that - *i. e.*, the authority to hear matters cognizable in the Superior Court and to "base an award for support on the same obligations as are recognized" by that tribunal. *Wilson v. Wilson*, 86 *N. J. Super.* 61, 64 (*App. Div.* 1964); *Daly v. Daly*, 21 *N. J.* 599, 609 (1956), affirming, 39 *N. J. Super.* 117 (*J. & D. R. Ct.* 1956). "Accord-

---

2 The record shows that defendant's gross income has been increased by the sum of $1,900 annually since the last hearing in June 1966, and that a son of his present wife, who was living with them at that time, is now in the Navy.

ingly, resort may properly be had to precedents established as a result of proceedings in that court * * * to determine the extent of a father's duty to support his child imposed or imposable under the law of this State * * *." *Daly v. Daly, supra,* 39 *N. J. Super.,* at *p.* 122. Those precedents, codified into a direct holding in *Nebel,* indicate that, under appropriate circumstances, the obligation to support may include all or part of college educational expenses. See also *e. g. Jonitz v. Jonitz,* 25 *N. J. Super.* 544 *(App. Div.* 1953) ; *Rufner v. Rufner,* 131 *N. J. Eq.* 193 *(E. & A.* 1941). Thus, under the grant of concurrent jurisdiction this court has the power to order a father to contribute toward payment of such expenses.

Defendant's broader argument does not in essence contradict this conclusion but, instead, focuses upon the authority of this court to order support of any kind for children who have attained their 18th birthday. The resolution of this argument lies in the nature and intent of the statutory grant of jurisdiction itself.

▮ A substantial change has taken place in our concept of the specific stage of education which is regarded as a "necessary," to which a child is entitled at the expense of the parent. Certainly, the old rule limited the obligation to a "common public school and high school education." *Ziesel v. Ziesel,* 93 *N. J. Eq.* 153 *(E. & A.* 1921). However, restrictive common law concepts of support, a reflection of then existing judicial and social policies, have given way to enlargement by statute and modern judicial decision. See *Jonitz v. Jonitz, supra,* 25 *N. J. Super.,* at *p.* 553) ; *Daly v. Daly, supra,* 21 *N. J.,* at *p.* 610; *Bonanno v. Bonanno,* 4 *N. J.* 268 (1950). Consistent with such advances is the realization that age alone is not the determinative factor in evaluating an obligation to support. With specific reference to age 18, precedents suggest an unemancipated infant does not necessarily reach maturity at that point but rather "becomes a *sui generis* person and therefore no longer a child" at age 21. *Johnson v. State,* 18

*N. J.* 422 (1955), *certiorari* denied, 350 *U. S.* 942, 76 *S. Ct.* 318, 100 *L. Ed.* 822 (1956); *Leith v. Horgan,* 24 *N. J. Super.* 516, 517–8 (*App. Div.* 1953), reversed on other grounds, 13 *N. J.* 467 (1953); *Cohen v. Cohen, supra,* 6 *N. J. Super.,* at *p.* 30. Beyond this perhaps equally formalistic approach, it is the totality of the facts and circumstances in each particular case which determines whether a child 18 or over is still properly the subject of a parental obligation to support:

"We are not aware of any decisional or statutory law now prevailing that absolutely inhibits the exercise of the power of the court to provide for the custody and maintenance of a minor child who has arrived at the age of 18. We have no doubt of the power of the court to make such provisions where the circumstances warrant until the unemancipated minor has at least reached the age of 21. The exercise of the judicial authority is governed by the circumstances of the parties and the nature of the individual case." *Jonitz v. Jonitz, supra,* 25 *N. J. Super.,* at *p.* 554.

In my opinion, the circumstance of attendance at college by an 18 year old son with the aptitude exhibited by Edward, together with all of the other attendant circumstances, fully warrants the exercise by the court of the power to declare that he is still entitled to be provided for as the beneficiary of a child support order.

Turning to the statutory grant of jurisdiction itself, the scope and intent of the expressed legislative purpose accords with the foregoing and with common sense. *N. J. S.* 2*A* :4–18 draws no age distinctions and sets forth no limitation of judicial authority to children under age 18.[3] All implications are to the contrary. The statute confers con-

---

3 In this connection, *N. J. S.* 2*A* :4–17 offers an interesting comparison. It preserves the court's jurisdiction over juvenile offenders who reach and pass their 18th birthday. See *Johnson v. State, supra* (18 *N. J.,* at 432); *In re Smigelski,* 30 *N. J.* 513 (1959). Age is, of course, a jurisdictional limitation for juvenile delinquency matters and the statutory direction is, therefore, necessary. It is not necessary, however, in areas of concurrent jurisdiction if the grant was intended to be complete. And the absence of a reference to age in *N. J. S.* 2*A* :4–18 confirms this to be the legislative intent.

current jurisdiction without limitation. It must be liberally construed "so that the court may accomplish its purposes." *Wilson v. Wilson, supra,* 86 *N. J. Super.,* at *p.* 64; *D. v. D.,* 56 *N. J. Super.* 357, 361 (*App. Div.* 1959); *N. J. S.* 2A:4–1. Technical and narrow limitations on support obligations are to be avoided and, consistent with liberal construction, the court necessarily has the inherent power to compel acts necessary to effectuate the purposes for which jurisdiction was conferred. *Ricci v. Ricci,* 96 *N. J. Super.* 214, 223 (*J. & D. R. Ct.* 1967). To suggest an implied age barrier to the court's jurisdiction is contrary to the very purpose of concurrent jurisdiction, to the legislative objective and intent, and to the effective discharge of the functions for which the court was created.

Accordingly, I find no jurisdictional limitation in this court restricting its power to order support only to children under 18. The definitions in the Supreme Court rules cannot inhibit the scope of the legislative grant and, in fact, were never intended to do so. They are merely designed to clarify the meaning of terms used in the rules and to assist in differentiating between adult and juvenile delinquency causes.

Under the grant of concurrent jurisdiction, then, this court may order a contribution toward college expenses and may order support for children 18 or over where the circumstances so warrant. The latter is the type of request made in the present case.

I find that the circumstances in the present case warrant a continuation of support by defendant for his son Edward. Since plaintiff requests only a weekly contribution rather than costs of tuition and board, it is not necessary for us to consider the propriety of the college selected by Edward as compared to Rutgers University. I have considered the testimony concerning changes of circumstances regarding needs of the children as well as the defendant's financial situation and I conclude that an increase is warranted. I will order support for all four children, including Edward, in the sum of $80 a week.