MARY KELLY, Plaintiff v. TIMOTHY C. OTTE, Defendant

No. COA95-1121

(Filed 20 August 1996)

**1. Divorce and Separation § 567 (NCI4th)— foreign child support order—New Jersey law applicable**

While the trial court erred in finding and concluding that the foreign support order in this case was to be treated as an order by the State of North Carolina upon its registration (pursuant to former N.C.G.S. § 52A-30(a)) on the ground that the finding and conclusion violated the Full Faith and Credit for Child Support Orders Act (FFCCSOA), since a strict reading of § 52A-30(a) does violate the FFCCSOA, the trial court's reference to this section in its finding and conclusion was harmless error where the trial court recognized that the FFCCSOA required application of New Jersey law in interpreting the order.

**Am Jur 2d, Desertion and Nonsupport §§ 148, 149; Divorce and Separation §§ 1130-1142.**

**Decree for alimony rendered in another state or country (or domestic decree based thereon) as subject to enforcement by equitable remedies or by contempt proceedings. 18 ALR2d 862.**

**Validity, construction, and application of Uniform Enforcement of Foreign Judgments Act. 31 ALR4th 706.**

**2. Divorce and Separation § 563 (NCI4th)— parties and children no longer in New Jersey—order modified pursuant to North Carolina law—escalation clause void ab initio**

Since the New Jersey court which entered the original order of child support lost continuing, exclusive jurisdiction of the order pursuant to the FFCCSOA in that the parties and the children moved to North Carolina, the trial court properly modified the foreign support order pursuant to N.C.G.S. § 50-13.7 by determining that the automatic escalation clause in this order based upon the Consumer Price Index for New York City was void *ab initio* under North Carolina law.

**Am Jur 2d, Desertion and Nonsupport §§ 148, 149; Divorce and Separation §§ 1130-1142.**

KELLY v. OTTE

[123 N.C. App. 585 (1996)]

Decree for alimony rendered in another state or country (or domestic decree based thereon) as subject to enforcement by equitable remedies or by contempt proceedings. 18 ALR2d 862.

Validity, construction, and application of Uniform Enforcement of Foreign Judgments Act. 31 ALR4th 706.

3. Divorce and Separation § 566 (NCI4th)— child support arrears—time for raising statute of limitations defense—consideration proper

The trial court did not err in finding and concluding that the statute of limitations barred the collection of child support arrears which accrued more than ten years preceding the filing of the Notice of Registration even though defendant failed to plead the statute of limitations prior to confirmation of the foreign support order, since defendant could raise the affirmative defense of the statute of limitations pursuant to N.C.G.S. § 50-13.10 because that statute permitted the modification or divestment of past due child support payments upon written motion and notice to all parties that the moving party was precluded by indigency or any other compelling reason from filing a motion before the payments were due, and defendant filed a Motion to Vacate and Set Aside Registered Foreign Support Order, more than four months after receiving notice of the registration, in which he alleged severe financial problems at the time his payments were due.

Am Jur 2d, Desertion and Nonsupport §§ 148, 149; Divorce and Separation §§ 1133-1135.

Decree for alimony rendered in another state or country (or domestic decree based thereon) as subject to enforcement by equitable remedies or by contempt proceedings. 18 ALR2d 862.

Validity, construction, and application of Uniform Enforcement of Foreign Judgments Act. 31 ALR4th 706.

Appeal by plaintiff from order entered 3 July 1995 by Judge James R. Fullwood in Wake County District Court. Heard in the Court of Appeals 5 June 1996.

*Attorney General Michael F. Easley, by Associate Attorney General Gerald K. Robbins, for plaintiff-appellant.*

*No brief filed by defendant-appellee.*

JOHNSON, Judge.

This case presents an issue of first impression as to the effect of the Full Faith and Credit for Child Support Orders Act (28 U.S.C. § 1738B, Pub. L. No. 103-383) on the now-repealed North Carolina Uniform Reciprocal Enforcement of Support Act (URESA) (N.C. Gen. Stat. ch. 52A). The facts are as follows.

Plaintiff Mary Kelly and defendant Timothy C. Otte were married on 19 January 1975, and later divorced on 17 September 1981. There were two children born of the marriage—Timothy Devin Otte, born 27 July 1977, and Jennifer Arielle Otte, born 10 July 1979.

Prior to the parties' divorce, plaintiff and defendant entered into a property settlement agreement. This agreement was subsequently incorporated into and made a part of the parties' New Jersey divorce decree. Pursuant to the agreement, defendant agreed to pay support to plaintiff in the amount of $300.00 per month for support of the two minor children. Defendant further agreed that beginning July 1982, his child support payments would be adjusted annually on 1 July in accordance with the United States Department of Labor Consumer Price Index for New York City.

After the divorce, plaintiff and the minor children moved to North Carolina. Thereafter, in 1983, defendant also moved to North Carolina. Defendant made regular monthly child support payments of $300.00 through and including the month of July 1991; and beginning July 1991 through February 1994, defendant made monthly child support payments of $360.00. Finally, in March 1994, defendant made a $300.00 child support payment. Thereafter, until the registration of the New Jersey order, defendant failed to make another child support payment to plaintiff.

On 31 October 1994, plaintiff registered the 1981 New Jersey order with the Wake County Clerk of Superior Court. The Clerk forwarded a Notice of Registration of Foreign Support Order to defendant. The Notice of Registration claimed that as of 27 October 1994, there were total child support arrearages of $17,442.72. Defendant was served with the Notice of Registration on 27 December 1994, but filed no response to the Notice until 26 April 1995.

On that date, defendant filed a Motion to Vacate and Set Aside Registered Foreign Support Order, alleging that the Consumer Price Index found in the New Jersey order was void as a matter of law and that the statute of limitations precluded enforcement of arrearages accruing on or before 31 October 1984. This motion came on for hearing before Judge James R. Fullwood in Wake County District Court on 5 May 1995. After hearing the arguments of both parties, the trial court entered an order on 3 July 1995, denying defendant's Motion to Vacate and Set Aside Registered Foreign Support Order with respect to arrearages accruing during the ten (10) year period immediately prior to the registration of the foreign support order in North Carolina, but granting said motion with respect to arrearages accruing prior to 27 October 1984; and ordering defendant to pay support in the amount of $300.00 per month prospectively from the date of registration of the foreign order of support until further modification or termination of the support order. Plaintiff appeals.

At the outset, we must note that plaintiff has failed to comply with Rule 28 of the North Carolina Rules of Appellate Procedure. Rule 28 requires that immediately following each question presented in a brief, there be reference to the assignment(s) of error pertinent to the question, identified by their number and by the page at which they appear in the record. N.C.R. App. P. 28(b)(5). Plaintiff, however, presents three arguments on appeal without reference to their respective assignments of error or the page at which they appear in the record. As such, these arguments are not properly before us, and may be deemed abandoned. *Id.* In the interest of justice, irrespective of these violations, we choose to address plaintiff's arguments on appeal. N.C.R. App. P. 2.

[1] Plaintiff first argues that the trial court erred in finding and concluding that the foreign support order in this case is to be treated as an order by the State of North Carolina upon its registration (pursuant to section 52A-30(a)) on the grounds that the finding and conclusion violate the Full Faith and Credit for Child Support Orders Act (FFCCSOA). For the reasons discussed herein, we find that section 52A-30(a) does violate the FFCCSOA, but that the trial court's finding and conclusion, in and of itself, does not.

The FFCCSOA became effective on 20 October 1994. The FFCCSOA adds a new section to the United States Code, 28 U.S.C. § 1738B, which

(1) requires the appropriate authorities of each state to "enforce according to its terms a child support order made consistently with [the act's jurisdictional and due process standards] by a court of another State;" and

(2) prohibits states from modifying, except as allowed under 28 U.S.C. § 1738B(e), a child support order that has been entered by another state's court consistently with 28 U.S.C. § 1738B(c).

John L. Saxon, *The Federal "Full Faith and Credit for Child Support Orders Act"*, 5 INST. OF GOV'T FAM. L. BULL. 1, 2 (1995) [hereinafter Saxon](interpreting the FFCCSOA). Section 1738B(e) of the FFCCSOA allows modification of a child support order by a sister state if the rendering state loses continued, exclusive jurisdiction over the child support order. *See* 28 U.S.C. § 1738B(e) (Supp. 1996). The rendering state may lose continued, exclusive jurisdiction over the order if: "(1) neither the child nor any of the [parties] continue to reside in the state, *or* (2) each of the [parties] has consented to the assumption of jurisdiction by another state." Saxon, at 3; *see* 28 U.S.C. § 1738B(e)(2). Under the Supremacy Clause of the United States Constitution, the provisions of the FFCCSOA are binding on all states and supersede any inconsistent provisions of state law, including any inconsistent provisions of uniform state laws such as URESA, which was adopted by North Carolina and previously codified at Chapter 52A of the North Carolina General Statutes. Saxon, at 2; *see Isabel M. v. Thomas M.*, 624 N.Y.S.2d 356 (1995).

In addition, the FFCCSOA also establishes uniform rules regarding the choice of law that state courts must follow in proceeding to enforce or modify out-of-state child support orders. *See* 28 U.S.C. § 1738B(g) (Supp. 1996). Section 1738B(g)(2) provides that the forum state must apply the law of the rendering state when *interpreting* an out-of-state child support order. 28 U.S.C. § 1738B(g)(2). When *enforcing* the rendering state's child support order, however, section 1738B(g)(3) requires that the longer of the forum state's statute of limitation and the rendering state's statute of limitation be applied. 28 U.S.C. § 1738B(g)(3). In all other regards, section 1738B(g)(1) provides that the law of the forum state is to be applied in the proceeding to enforce foreign child support orders that are entitled to full faith and credit under the FFCCSOA. 28 U.S.C. § 1738B(g)(1). "This means that, with the possible exception of the statute of limitation, the procedures and remedies of the forum state will apply to the enforcement of out-of-state child support orders within the forum state." Saxon, at 4.

Chapter 52A of the North Carolina General Statutes, North Carolina's version of URESA, was repealed by Session Laws 1995, effective 1 January 1996. However, this case was decided before chapter 52A was repealed, and as such is not affected by the recision. *See* N.C. Gen. Stat. ch. 52A (1995) Editor's Note. Section 52A-30, entitled "Effect of registration; enforcement procedure" provided in pertinent part,

(a) Upon registration, the registered foreign support order shall be treated in the same manner as a support order issued by a court of this State. It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating or staying as a support order of this State and may be enforced and satisfied in like manner.

(b) The obligor has 20 days after the mailing of notice of the registration in which to petition the court to vacate the registration or for other relief. If he does not so petition, the registered support order is confirmed.

N.C. Gen. Stat. § 52A-30(a),(b) (1992) (repealed 1995, effective 1 Jan. 1996). Sub-section (c) of this same section described the manner of *enforcement* of a registered foreign support order. *See* N.C. Gen. Stat. § 52A-30(c) (1992) (repealed 1995, effective 1 Jan. 1996). To the extent that this section directly conflicts with the purposes of the FFCCSOA, it is superseded by the FFCCSOA. Saxon, at 4; *Isabel M.*, 164 N.Y.S.2d 356.

In the instant case, plaintiff registered a foreign order of support with the Wake County Clerk of Superior Court on 31 October 1994, in accordance with section 52A-29 of the General Statutes. At that time, she, defendant, and their two minor children all resided in North Carolina. As such, the rendering state of New Jersey had lost continuing, exclusive jurisdiction over the New Jersey support order. *See* 28 U.S.C. § 1738B(e). Defendant was served with Notice of Registration in accordance with section 52A-29, but failed to respond within the twenty-day statutory period provided by section 52A-30. Accordingly, the registered support order was subsequently confirmed.

In its order, the trial court made the following finding and conclusion:

10. That the foreign support order is treated as an order issued by a court of North Carolina upon registration pursuant to North Carolina General Statute[s] [§]52A-30(a).

Plaintiff takes issue with this statement, alleging that such is in violation of the FFCCSOA. As section 52A-30(a) provides that a registered foreign support order shall be "subject to the same procedures, defenses, and proceedings for reopening, vacating or staying as a support order of this State and may be enforced and satisfied in like manner," N.C.G.S. § 52A-30(a), in direct contravention of the mandates of the FFCCSOA, this finding is erroneous. However, recognizing the mandates of the FFCCSOA, the trial court made a further finding and conclusion:

> 13. That North Carolina must enforce the foreign order of support according to its terms pursuant to The Federal "Full Faith and Credit for Child Support Act," and must apply the law of the rendering state, New Jersey[,] in this case, when interpreting a foreign order of support.

Under the present circumstances, we find that the trial court, in no way, intended that North Carolina law control the interpretation of the New Jersey order. The court only intended that its finding and conclusion number 10 address the manner in which North Carolina courts acquire jurisdiction to *enforce* foreign orders and the procedures and remedies that may be utilized to do so. The trial court in no way intended to imply that registration "transmuted" the foreign support order, but merely intended to note that registration gives the courts of this state the ability to enforce foreign orders that have come to their attention. As such, though the strict reading of section 52A-30(a) does violate the FFCCSOA, the trial court's reference to the section in its finding and conclusion number 10 was harmless error, in no way prejudicial to plaintiff, as the trial court recognized that the FFCCSOA required application of New Jersey law in interpreting the order.

[2] Plaintiff also argues that the trial court erred in finding and concluding that since the date of registration the "escalation clause" of the support order is void since such a finding and conclusion violate the FFCCSOA. We cannot agree.

The FFCCSOA is very stringent in its mandate that a foreign child support order be enforced according to its terms. However, there are certain circumstances under which modification of an order can be made. Section 1738B(b) defines a "modification" as "a change in a child support order that affects the amount, scope, or duration of the order and modifies, replaces, supersedes, or otherwise is made subsequent to the child support order." 28 U.S.C. § 1738B(b) (Supp.

1996). As stated above, section 1738B(e) of the FFCCSOA allows modification of a child support order by a sister state if the rendering state loses continued, exclusive jurisdiction over the child support order. 28 U.S.C. § 1738B(e). This may occur in one of two ways: if "(1) neither the child nor any of the [parties] continue to reside in the state, *or* (2) each of the [parties] has consented to the assumption of jurisdiction by another state." Saxon, at 3.

In the instant case, the trial court made the following findings of fact:

9. That automatic escalation clauses entered by North Carolina courts in child support cases are void <u>ab initio</u> in North Carolina.

10. . . . Prospectively, since the date of registration of the foreign order of support in North Carolina, and confirmation of said registration, the automatic escalation clause of the support order is void and unenforceable under North Carolina law.

11. That accordingly, the parties agree and stipulate through counsel that the on-going order of support from the date of registration in North Carolina is limited to $300.00 per month.

. . .

14. That each child support payment is vested when it accrues and is subject to retroactive modification only from the date a motion for modification based upon change of circumstances is filed with the court pursuant to New Jersey Statutes Annotated 2A:17-56.23.

15. That vested past due child support payments are entitled to full faith and credit pursuant to New Jersey Statutes Annotated 2A:17-56.23a. Because the arrears under the New Jersey order[] of support are vested and entitled to enforcement as a judgment, and are not subject to retroactive modification under New Jersey law, North Carolina must enforce the foreign order according to its terms and has no authority to retroactively modify the arrearages under the New Jersey order of support.

Since the New Jersey court which entered the original order of child support has lost continuing, exclusive jurisdiction of the order pursuant to § 1738B(e), the trial court properly modified the foreign support order in accordance with North Carolina law. Pursuant to section 50-13.7 of our General Statutes, a child support order may only be modified upon a showing of changed circumstances. N.C. Gen.

Stat. § 50-13.7 (1995). As such, the automatic escalation clause herein was properly found to be void *ab initio* by the trial court. Plaintiff's arguments to the contrary are, therefore, without merit.

**[3]** Plaintiff's final argument on appeal is that the trial court erred in finding and concluding that the statute of limitation barred the collection of child support arrears which accrued more than ten (10) years preceding the filing of the Notice of Registration since the statute of limitation is an affirmative defense which should have been pled prior to confirmation of the foreign support order. After review, we find this argument to be unpersuasive.

In the instant action, North Carolina law governs the manner and procedure to be utilized in enforcing the child support order in the instant action. 28 U.S.C. § 1738B(g)(1); *see* Saxon, at 4. Section 52A-30(b) of the North Carolina General Statutes, which is now repealed, provided:

> The obligor has 20 days after the mailing of notice of the registration in which to petition the court to vacate the registration or for other relief. If he does not so petition, the registered support order is confirmed.

N.C.G.S. § 52A-30(b). After an order was confirmed, a second step to enforce the order had to be taken. *Fleming v. Fleming*, 49 N.C. App. 345, 271 S.E.2d 584 (1980). Section 52A-30(c), also repealed, provided in pertinent part:

> At the hearing to enforce the registered support order, the obligor may present only matters that would be available to him [or her] as defenses in an action to enforce a foreign money judgment.

N.C.G.S. § 52A-30(c). Plaintiff is correct in her statement that a defendant in a proceeding to enforce a registered support order is limited to an attack on the order on the grounds of the existence of fraud in the procurement, as being against public policy, or lack of jurisdiction. *Pieper v. Pieper*, 108 N.C. App. 722, 425 S.E.2d 435 (1993).

Plaintiff, however, has overlooked section 50-13.10 of the General Statutes, which allows the modification or divestment of past due child support payments upon written motion and notice to all parties either: "(1) [b]efore the payment is due [;] or (2) [i]f the moving party is precluded by physical disability, mental incapacity, *indigency*, misrepresentation of another party, *or other compelling reason* from fil-

ing a motion before the payment is due, then promptly after the moving party is no longer so precluded." N.C. Gen. Stat. § 50-13.10 (1995). Therein, a party is not limited to the defenses that may be utilized in contesting enforcement of a foreign money judgment; and may at that time raise the affirmative defense of the statute of limitation. We find no support for plaintiff's argument that defendant has waived the defense of the statute of limitation, because he failed to raise it prior to the confirmation of the order pursuant to now-repealed section 52A-30(b) of the General Statutes.

The facts in the case *sub judice* show the following: On 26 April 1995, defendant filed a Motion to Vacate and Set Aside Registered Foreign Support Order, more than four months after receiving notice of the registration, in derogation of section 52A-30(b). Therein, he noted that at the time that his past due child support payments had become due, he had been having "severe financial problems," after being laid off from his employment of twenty-one (21) years; that he had resumed making payments again after obtaining part-time employment, but had been unable to make further payments at the time that he had received the Notice of Registration of Foreign Support Order in this action, as he had been involuntarily terminated from that job; that the registered order was void and unenforceable in North Carolina with respect to those increases accruing under the automatic escalation clause after he had moved to North Carolina; that a portion of the past due support payments had vested more than ten (10) years previously and was, therefore, barred by a ten (10) year statute of limitation; and that plaintiff's signature on the Verified Statement of Fact for Registration of Foreign Support Order was in violation of Rule 11(a) of the North Carolina Rules of Civil Procedure.

Subsequently, on 5 May 1995, the trial court held a hearing on defendant's motion. Implicitly in granting defendant a hearing on his motion, the trial court found the requisite provisions of section 50-13.10 to be satisfied. After hearing arguments of counsel for both parties, the trial court found that a portion of the past due support ·payments were indeed barred by a ten (10) year statute of limitation. Notably, plaintiff and defendant both agreed and stipulated that the ten (10) year statute of limitation would govern the instant action. This matter, being properly before the trial court, and the New Jersey court having lost continuing, exclusive jurisdiction of the order, we find no error in the trial court addressing this defense as raised by defendant's Motion to Vacate and Set Aside Registered Foreign Support Order.

In light of the foregoing, the trial court's order is affirmed.

Affirmed.

Judges LEWIS and MARTIN, MARK D. concur.