Hillsborough-southern judicial district
No. 96-219

KIM WILKIE

v.

RICHARD SILVA

November 26, 1996

*Jeffrey R. Howard*, attorney general (*William C. McCallum*, assistant attorney general, on the brief, and *Ann F. Larney*, assistant attorney general, orally), for the State.

*Linda A. Theroux*, of Merrimack, by brief and orally, for the defendant.

MEMORANDUM OPINION

BROCK, C.J. The Superior Court (*Dalianis*, J.) transferred without ruling, *see* SUP. CT. R. 9, the following question:

Whether the Full Faith and Credit for Child Support Orders Act, 28 U.S.C.S. sec. 1738B, prohibits the Courts of the State of New Hampshire from modifying a foreign order

which has been registered in this state pursuant to RSA 546:33 et seq.

We hold that it does and remand.

The plaintiff, Kim Wilkie, and the defendant, Richard Silva, were divorced in Florida in 1992. The Florida court ordered the defendant to provide $450 monthly child support for his three children who were in the plaintiff's custody. In 1994, because the defendant was in arrears in his support payments, the Florida court ordered him to continue the $450 monthly payments and to pay an additional amount towards the arrearage.

Although the plaintiff and her three children continue to live in Florida, the defendant has moved to New Hampshire. When the defendant continued to default on his payments, the State of Florida sought help from the New Hampshire Division of Human Services (division) in enforcing the Florida orders. In response, the division registered the Florida decree with the superior court on September 7, 1995. *See* RSA 546:34 (1974).

On September 18, 1995, the defendant filed a motion in the superior court to modify his child support obligation. The division objected, maintaining that the Full Faith and Credit for Child Support Orders Act (Child Support Act), 28 U.S.C. § 1738B (1994), precluded New Hampshire from modifying the Florida decree, even though it was registered in a New Hampshire court. This interlocutory transfer without ruling followed.

▪ In response to "nationwide problems stemming from the varying laws of multiple jurisdictions involved in child support cases," Congress enacted the Child Support Act in 1994. *Paton v. Brill*, 663 N.E.2d 421, 424 (Ohio Ct. App. 1995). The Child Support Act vests "continuing, exclusive jurisdiction" in the State issuing the original child support order unless either of two specific exceptions exist. 28 U.S.C. § 1738B(d). In order for a court of any State other than the original issuing State to modify a child support order, the court must have jurisdiction, and either the issuing State must no longer be "the child's State or the residence of any contestant," or the parties must file written consent to another State assuming jurisdiction. 28 U.S.C. § 1738B(e).

▪ Here, the plaintiff and the children continue to live in Florida, and the plaintiff has not filed written consent to this State assuming jurisdiction in this matter. Accordingly, "continuing, exclusive jurisdiction" to modify the Florida decree lies with the Florida court. 28 U.S.C. § 1738B(d). If the defendant wishes to modify his child support obligation, he must do so "in the state that

originally issued the order. This will insure that the custodial parent is given notice of the proposed modification, as well as an opportunity to oppose the modification if . . . she wishes." *In re Marriage of Lurie*, 39 Cal. Rptr. 2d 835, 846 (Ct. App. 1995) (quotation omitted).

The defendant nevertheless contends that RSA chapter 546 (1974 & Supp. 1995), the Uniform Reciprocal Enforcement of Support Act (URESA), mandates a different result. RSA 546:38, I (1974) states:

> Upon registration the registered foreign support order shall be treated in the same manner as a support order issued by a court of this state. It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this state and may be enforced and satisfied in like manner.

That this paragraph of URESA purports to grant New Hampshire jurisdiction to modify the Florida decree by virtue of its being registered in this State does not alter the clear mandate of the Child Support Act. "Under the Supremacy Clause of the United States Constitution, the provisions of [the Child Support Act] are binding on all states and supersede any inconsistent provisions of state law, including any inconsistent provisions of uniform state laws such as URESA . . . ." *Kelly v. Otte*, 474 S.E.2d 131, 134 (N.C. Ct. App. 1996); *cf. Tebbetts v. Ford Motor Co.*, 140 N.H. 203, 205-06, 665 A.2d 345, 346-47 (1995) (noting the Supremacy Clause of the United States Constitution empowers Congress to preempt state law in certain circumstances), *cert. denied*, 116 S. Ct. 773 (1996).

The Child Support Act allows modification of a child support order by another State only if the original issuing State loses continued, exclusive jurisdiction. Consequently, absent the applicability of one of the exceptions, it prohibits any modification by a court of this State of the Florida child support order, even though it has been registered under RSA 546:34.

*Remanded.*

All concurred.