A98A1530. CONNELL v. WOODWARD.
(509 SE2d 647)

POPE, Presiding Judge.

We granted John Connell's application to review the superior court's denial of his motion to set aside its judgment on a petition to domesticate and modify a Florida child support order. Because the

superior court was without authority to modify the Florida child support order under the federal Full Faith & Credit for Child Support Orders Act ("FFCCSOA"), we reverse its subsequent denial of the motion to set aside.

The record established that Kelly Woodward and Connell were divorced by a 1992 final judgment issued in Florida. Later Woodward brought an action in Florida under URESA to establish paternity and for child support. The Florida court entered a final order on paternity and support on June 16, 1993.

In 1995, Woodward, who had moved with the child to Gwinnett County, filed a "Petition for Recognition and Enforcement of Foreign Judgment, Petition for Modification of Child Support and Motion for Contempt" in the Gwinnett County Superior Court. Her action sought to domesticate and modify the child support ordered by the Florida court and also sought to hold Connell in contempt for his failure to comply with the support provisions of the Florida court's order.

There is no dispute that Connell has continually maintained his residence in Florida for the past 25 years. Nevertheless, Connell was served by process with the petition while he was visiting the child in Georgia, but did not file an answer and did not appear when the case was called for trial. In November 1995, after hearing evidence from Woodward regarding the issues, the Gwinnett County court domesticated the final divorce decree, increased the amount of child support Connell was to pay, found Connell in contempt of the final order and ordered him to pay $750, and awarded Woodward attorney fees.

Connell then filed a motion to set aside the judgment, claiming the Gwinnett court did not have jurisdiction to modify the Florida child support order. Citing *Hutto v. Plagens*, 254 Ga. 512 (330 SE2d 341) (1985), the court rejected Connell's arguments and denied his motion to set aside. From this determination, Connell appeals.

1. In his first enumeration of error, Connell argues that the court erred in failing to grant his motion to set aside the judgment because under the FFCCSOA, Florida has continuing, exclusive jurisdiction. We agree.

The FFCCSOA, 28 USC § 1738B, which was enacted in 1994, requires the appropriate authorities of each state to enforce the terms of a child support order of another state when made in accordance with the act's jurisdictional and due process standards. In subsection (e) the statute provides that in the absence of the parties' written consent, a court of one state "may make a modification of a child support order with respect to a child that is made by a court of another State if — (1) the court has jurisdiction to make such a child support order; and (2) (A) the court of the other State no longer has continuing, exclusive jurisdiction of the child support order because that State no longer is the child's State or the residence of any con-

testant. . . ."[1] On July 1, 1997, OCGA § 19-6-26, which adopts the provisions of the FFCCSOA, became effective in Georgia.[2]

Although the precise question raised in this case does not appear to have been addressed by Georgia courts, our Supreme Court interpreted the provisions of the FFCCSOA in *Early v. Early*, 269 Ga. 415 (499 SE2d 329) (1998).[3] In *Early* the couple had been divorced in Georgia, a Georgia court modified the original decree, and then Mrs. Early and the couple's child had moved to California. Robert Early's petition alleged that although he had submitted himself to the jurisdiction of the California court, the California court had declined to exercise jurisdiction because of the provisions of the FFCCSOA. Robert Early thus "moved the Georgia court to enter an order declining to exercise jurisdiction over the modification of support issue so that the California court could assume jurisdiction thereof." *Early v. Early*, 269 Ga. at 416. In response to this request, the Georgia court entered an order declining to exercise jurisdiction over Robert Early's petition for modification of child support. Our Supreme Court reversed the trial court's order, determining that the FFCCSOA does not grant a court of the state that issued a child support order the discretion to decline to exercise jurisdiction over a child support modification action.

In so holding, our Supreme Court stated: "[u]nder subsection (d) of the FFCCSOA, a court of a state that has made a child support order consistent with that section, 'has continuing, exclusive jurisdiction over the order if the State is the child's State *or the residence of any individual contestant*' unless the court of another state was authorized pursuant to subsections (e), (f) or (i) of the FFCCSOA to make a modification of the order. Id. at (a), (d)." (Emphasis supplied.) *Early v. Early*, 269 Ga. at 416. The *Early* court decided that, in the absence of the parties' consent, because Georgia was the only state to have issued a valid child support order and Robert Early had remained a resident of Georgia, the Georgia court had retained "exclusive, continuing jurisdiction." Id. at 416. The *Early* court stated: "we find the statutory language is plain and unambiguous in its requirement that the court of the state that last made a child support order consistent with the FFCCSOA has continuing, exclusive jurisdiction over the order where, as here, one of the parties to the order continues to reside in the state, [28 USC § 1738B (d)] unless

---

[1] Although the statute has been amended, the amendment was effective on August 22, 1996, and the amendment did not apply to the court's November 1995 hearing. Furthermore, the relevant provisions of the statute are largely unchanged.

[2] OCGA § 19-6-26 (d) outlines the requirements for a court of this state to exercise jurisdiction for purposes of entering a modification of a foreign child support order.

[3] Because the petition in *Early* was filed in 1997, the court applied the amended version of the FFCCSOA.

each individual contestant has filed written consent with the state of continuing, exclusive jurisdiction for a court of another state to modify the order and assume continuing, exclusive jurisdiction over the order, id. at (e) (2) (B), or one of the other provisions in subsection (e), (f), or (i) applies." *Early v. Early*, 269 Ga. at 416-417. The court concluded that its interpretation of the FFCCSOA comported with the legislation's purpose of drawing a "bright line rule which clarifies that a court of the state with continuing, exclusive jurisdiction over a child support order will in every instance maintain that continuing, exclusive jurisdiction until one of the provisions in subsections (e), (f), or (i) is applicable. See P. L. 103-383 §2 (c), 108 Stat. 4063." *Early v. Early*, 269 Ga. at 417.

In the instant case, the Florida court issued the original custody decree and subsequently issued a modification in conformance with 28 USC § 1738B (c). Connell, one of the "individual contestants" continues to live in Florida, he did not consent to the Georgia court's jurisdiction, and no exceptions to 28 USC § 1738B (d) apply. Thus, Florida exercised "continuing, exclusive" jurisdiction and the Gwinnett County court erred in entering the order domesticating the final divorce decree and increasing the amount of child support Connell was to pay.[4] Accordingly, the Gwinnett superior court should have granted Connell's motion to set aside its previous order. See generally OCGA § 9-11-60 (d).

Woodward argues that the FFCCSOA is inapplicable because the statute was not enacted until after the underlying Florida child support order was issued. This argument is also without merit. Woodward's request for modification of support in Georgia was filed in July 1995, after the effective date of the FFCCSOA. This date, not the date of the underlying order, is dispositive. See generally *Early v. Early*, 269 Ga. 415 (FFCCSOA applied when underlying divorce and custody decree issued in 1987, modified in 1990, and petition at issue in the case filed in 1997).

2. Connell argues that the superior court erred in holding that service of a summons and complaint for domestication and modification of a foreign child support order within this State on an out-of-state resident is sufficient to confer jurisdiction upon a Georgia court to modify a foreign child support order. For the reasons set forth above, we agree. The case upon which the court relied, *Hutto v. Plagens*, 254 Ga. 512, predates the FFCCSOA and does not apply to the instant facts.

---

[4] Our conclusion that Florida maintained "continuing, exclusive" jurisdiction comports with decisions from other states interpreting the FFCCSOA. See, e.g., *Kramer v. Kramer*, 698 S2d 894 (Fla. App. 1997); *Kelly v. Otte*, 474 SE2d 131, 134 (N.C. App. 1996); *Harbour v. Harbour*, 677 S2d 700 (La. App. 1996); *Isabel M. v. Thomas M.*, 624 NYS2d 356 (1995).

*Judgment reversed. Beasley and Ruffin, JJ., concur.*

DECIDED NOVEMBER 17, 1998 —
RECONSIDERATION DENIED DECEMBER 14, 1998 ▮▮▮▮▮▮▮▮

*Bocher & Richardson, Melody Z. Richardson*, for appellant.
*Monzer J. Mansour*, for appellee.