STATE OF NORTH CAROLINA ON BEHALF OF BARBARA M. HARNES, PLAINTIFF-APPELLANT V. PAUL A. LAWRENCE, DEFENDANT-APPELLEE

No. COA99-1254

(Filed 5 December 2000)

1. **Child Support, Custody, and Visitation— support—New Jersey order—continuing exclusive jurisdiction**

   The trial court erred by finding a 1995 North Carolina child support order controlling over a 1982 New Jersey order where plaintiff and the child continued to reside in New Jersey and plaintiff did not sign or consent to North Carolina exercising jurisdiction to modify the New Jersey order. Under the Full Faith and Credit for Child Support Orders Act, New Jersey retained continuing, exclusive jurisdiction over the action and the North Carolina court erred in failing to register the New Jersey order and in entering a North Carolina Voluntary Support Agreement contrary to the terms of the New Jersey order.

2. **Child Support, Custody, and Visitation— support—New Jersey order—continuing until age 22**

   The trial court erred by finding a 1995 North Carolina child support order controlling over a 1982 New Jersey order, contrary to the Uniform Interstate Family Support Act. The plain meaning of N.C.G.S. § 52C-2-207 requires that, if the current home state of the child issued the support order, then that state retains continuing exclusive jurisdiction. Our state's courts must apply New Jersey law in the enforcement of the child support order, even if the law of New Jersey is contradictory to the law of North Carolina, and the New Jersey court in this case had the authority to order child support until the age of twenty-two under its state law.

   Appeal by plaintiff from order entered 29 June 1999 by Judge Jerry F. Waddell in Carteret County District Court. Heard in the Court of Appeals 25 August 2000.

   *Attorney General Michael F. Easley by Assistant Attorneys General Gerald K. Robbins, Kathleen U. Baldwin and Susana E. Honeywell for plaintiff-appellant.*

   *No brief filed for defendant-appellee.*

McGEE, Judge.

This action arises out of plaintiff Barbara M. Harnes' attempt to enforce a New Jersey child support order. Plaintiff and defendant Paul A. Lawrence were married to each other on 17 September 1977 and their daughter was born 3 December 1979. The parties were divorced in Ocean County, New Jersey Superior Court on 29 January 1982. The Final Judgment of Divorce ordered the defendant to provide support for the couple's daughter "until the infant child reaches the age of twenty-two (22) years, or is emancipated whichever event will occur first." The order required defendant to pay child support in the amount of $65.00 per week. Attorneys for plaintiff and defendant signed the judgment consenting to its form.

Plaintiff, who still resides in New Jersey, initiated this action on 13 January 1995 by transmitting a Certificate and Order and a Uniform Support Petition from the Chancery Division, Family Part, Ocean County Probation Division, Superior Court of New Jersey to the North Carolina Division of Social Services and its department of Child Support Enforcement. Plaintiff's petition requested entry of an order for child support of $65.00 per week and collection of an arrearage of $2805.00 as of 9 December 1994. Plaintiff included copies of the New Jersey reciprocal child support statute pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA) and the original New Jersey child support order. She alleged in her petition that defendant was residing in Morehead City, North Carolina.

Defendant responded to plaintiff's petition by signing a voluntary support agreement and order entered in Carteret County District Court by Judge Kenneth Crow on 30 August 1995. Pursuant to this order, defendant agreed to pay an arrearage of $5945.00 at a monthly rate of $50.00 per month, in addition to ongoing child support of $282.00 per month beginning 1 September 1995. However, plaintiff neither consented to a modification of the New Jersey child support order nor did she authorize any approval of the voluntary support agreement and order. The IV-D Attorney signed the voluntary order as a representative of the Carteret County Child Support Enforcement Division. *See* N.C. Gen. Stat. § 110-130.1(c) (1995) (no attorney client relationship shall be considered to have been created between the attorney who represents the child support enforcement agency and any person by virtue of the action of the attorney in providing the services required.) The New Jersey order was not registered in Carteret County District Court as requested by plaintiff.

Defendant again failed to pay child support for his daughter in compliance with the 1995 North Carolina Voluntary Support Agreement and Order and an order of willful contempt of court was entered against him in Carteret County District Court on 24 July 1998. The court ordered defendant to pay $200.00 per month in arrearage but terminated defendant's ongoing child support obligation "as of 30 June 1998 as the child is 18 and graduated from high school." The provision of the order terminating child support at age eighteen directly controverted the 1982 New Jersey child support order to continue child support until the daughter attained the age of twenty-two.

Plaintiff forwarded another New Jersey child support enforcement transmittal to Carteret County on 24 July 1998, requesting registration of the New Jersey child support order in accordance with the 1982 New Jersey judgment and included a copy of the original order. The URESA transmittal also noted that the New Jersey court-ordered child support was to continue until the child reached the age of twenty-two and that the child was attending college and not emancipated. The 1982 New Jersey order was finally registered in Carteret County on 28 April 1999 and a notice of Registration of Foreign Support Order was served on defendant on 13 May 1999.

Carteret County Support Enforcement Agency, through its IV-D agency attorney, filed a motion in the cause on 11 May 1999 requesting that the court determine whether the 1982 New Jersey support order or the 1995 North Carolina support order was controlling and to determine the amount of child support arrearage based on the controlling order. The matter was heard in Carteret County District Court on 29 June 1999. The trial court determined that the 1995 North Carolina order was controlling "due to the fact that the North Carolina order is newer and due to the lapse of time considering that the New Jersey order dates from 1982." Plaintiff appeals.

Plaintiff argues the trial court erred in finding the 1995 North Carolina order is controlling because: (I) the North Carolina court did not have subject matter jurisdiction under the federal Full Faith and Credit for Child Support Orders Act, 28 U.S.C. 1738B (1994) and (II), the 1982 New Jersey order was the controlling order pursuant to the Uniform Interstate Family Support Act (UIFSA), Chapter 52C of the North Carolina General Statutes.

I.

[1] Plaintiff first argues that the trial court erred in finding the 1995 North Carolina order controlling because the court in 1995 was with-

out subject matter jurisdiction. Plaintiff contends that the federal Full Faith and Credit for Child Support Orders Act provides that the state in which a child support order is issued has continuing, exclusive jurisdiction over the order and therefore the 1995 North Carolina child support order and the 1998 North Carolina order of contempt are void. We agree.

The United States Congress enacted the Full Faith and Credit for Child Support Orders Act (FFCCSOA), 28 U.S.C. 1738B (1994) on 20 October 1994. The FFCCSOA requires that state courts afford "full faith and credit" to child support orders issued in other states and refrain from modifying or issuing contrary orders except in limited circumstances. The purpose of FFCCSOA is

(1) to facilitate the enforcement of child support orders among the States; (2) to discourage continuing interstate controversies over child support in the interest of greater financial stability and secure family relationships for the child; and (3) to avoid jurisdictional competition and conflict among State courts in the establishment of child support orders.

Pub. L. No. 103-383, § 2(c), 108 U.S. Stat. 4064 (to be codified at 28 U.S.C. § 1738B (1994)). Section 1738B(a) provides that "[t]he appropriate authorities of each State—(1) shall enforce according to its terms a child support order made consistently with this section by a court of another State; and (2) shall not seek or make a modification of such an order except in accordance with subsection (e)."

"Under the supremacy clause of the United States Constitution, the provisions of FFCCSOA are binding on all states and supersede any inconsistent provisions of state law, including any inconsistent provisions of uniform state laws such as URESA[.]" *Kelly v. Otte*, 123 N.C. App. 585, 589, 474 S.E.2d 131, 134, *disc. review denied*, 345 N.C. 180, 479 S.E.2d 204 (1996). FFCCSOA "obligates states to enforce, according to its terms, a child support order issued by another state which is made consistent with the Act's jurisdiction and due process standards." *Welsher v. Rager*, 127 N.C. App. 521, 528, 491 S.E.2d 661, 665 (1997); *see also Kelly*, 123 N.C. App. at 589, 474 S.E.2d at 134. Modification of a valid order is permitted only when: (1) all parties have consented to the jurisdiction of the forum state to modify the order; or (2) neither the child nor any of the parties remains in the issuing state and the forum state has personal jurisdiction over the parties. *Id.* Our Court held in *Kelly* that while the law of the forum state may apply to the enforcement and remedy applied to a regis-

tered foreign support order, under URESA and FFCCSOA the law of the rendering state (the state that issued the order) must govern the order's interpretation. *Id.*

In the case before us, consistent with this definition and the statute's intended purpose to prevent the issuance of conflicting child support orders among different states, New Jersey had continuing exclusive jurisdiction over the child support order in 1995. Plaintiff and the child continued to reside in the issuing state of New Jersey. Plaintiff did not sign nor consent to the State of North Carolina exercising jurisdiction to modify the New Jersey order. Therefore, New Jersey retained continuing, exclusive jurisdiction over the action. *See* 28 U.S.C. 1738B(d).

In addition, New Jersey had continuing exclusive jurisdiction over the child support action when the trial court in North Carolina entered a contempt order in 1998 for defendant's failure to pay support. It was error for the trial court to terminate defendant's ongoing child support in 1998 based on the finding that the child was eighteen and graduated from high school. This 1998 order arose from the invalid 1995 child support proceedings and is also governed by FFCCOSA. Therefore, the law of New Jersey must be applied and the New Jersey support order requiring payments to the child until the age of twenty-two years must be upheld. The North Carolina court did not have jurisdiction to modify the 1982 New Jersey order in 1995 nor in 1998. N.C. Gen. Stat. § 52C-2-205 (1995). We also note that the court in Carteret County failed to register plaintiff's 1995 URESA transmittal and instead defendant signed a voluntary support agreement that was entered as an order of the court. Our Court in *Williams v. Williams*, 97 N.C. App. 118, 121, 387 S.E.2d 217, 219 (1990) held that "N.C.G.S. § 52A-29 (repealed by Sessions Law 1995 and codified in 1996 under N.C.G.S. § 52C-6-602, Procedure to register order for enforcement) requires only that certain documents be transmitted to the clerk of court. After submitting the required documents, an obligee seeking registration has no other duties under the statute." The record in this case shows that plaintiff met the requirements by properly transmitting all of the required URESA documentation in 1995. The North Carolina trial court erred both in failing to register the New Jersey order in 1995 and in entering a North Carolina Voluntary Support Agreement contrary to the terms of the New Jersey order. Once the documentation was sent to the clerk of court, North Carolina became the registering tribunal of the New Jersey child support order and the North Carolina court was required to reg-

ister and enforce the New Jersey order. *Welsher*, 127 N.C. App. at 526, 491 S.E.2d at 664.

## II.

**[2]** Plaintiff next argues that the trial court erred in finding the 1995 North Carolina order controlling in conflict with the Uniform Interstate Family Support Act, codified as Chapter 52C of the North Carolina General Statutes. Plaintiff contends that the plain meaning of N.C. Gen. Stat. § 52C-2-207 (1995) requires that if the current home state of the child issued the support order, then that state retains continuing exclusive jurisdiction. We agree.

N.C.G.S. § 52C-2-207 established a priority scheme for the recognition and enforcement of multiple existing child support obligations. N.C.G.S. § 52C-2-207(a). The official comment to N.C.G.S. § 52C-2-207 notes that

> A keystone of UIFSA is to provide a transitional procedure for the eventual elimination of existing multiple support orders in an expeditious and efficient manner . . .[i]n choosing among existing multiple orders, UIFSA subsection (b)(1) gives priority to the order issued by the only tribunal that is entitled to continuing exclusive jurisdiction . . . [when] an individual party or the child continues to reside in that State [which issued the original order].

Our Court stated in *Welsher* that "UIFSA governs the proceedings over any foreign support order which is registered in North Carolina after 1 January 1996, UIFSA's effective date." *Welsher*, 127 N.C. App. at 527, 491 S.E.2d at 664. In the case before us, the New Jersey support order was registered in Carteret County, North Carolina in 1999. Upon notification of the filing, defendant did not contest the order and therefore "a tribunal of this State shall recognize and enforce, but may not modify, a registered order[.]" N.C. Gen. Stat. § 52C-6-603(c) (1995). New Jersey is the child's home state in this case and the support order of the New Jersey court is the controlling order. The 1982 New Jersey order issued by a court in the current home state of the child had priority over the 1995 North Carolina order. The trial court in North Carolina was required to recognize the New Jersey order as controlling. 28 U.S.C.A. 1738B(f)(3) (1994).

As to the choice of state law governing the support order, our courts have clarified that the law of the issuing state must be applied by the adopting state. UIFSA requires that "a support order be inter-

preted according to the law of the state in which it [was] issued." *Welsher*, 127 N.C. App. at 524, 491 S.E.2d at 663. "The FFCCSOA is very stringent in its mandate that a foreign child support order be enforced according to its terms." *Kelly*, 123 N.C. App. at 591, 474 S.E.2d at 135. Therefore, our state's courts must apply New Jersey law in the enforcement of the child support order, even if the law of New Jersey is contradictory to the law of this state. The 1995 North Carolina court order implied that because the age of emancipation in North Carolina is eighteen, then the court could modify the New Jersey support order to end support at age eighteen, not age twenty-two as required by the New Jersey order. This is not in accordance with New Jersey law, which we must apply. N.J.S.A. 2A:34-23 (1988) provides:

> Pending any matrimonial action . . . or after judgment of divorce . . . the court may make such order as to the alimony or mainte-nance of the parties, and also to the care, custody, education and maintenance of the children . . . as the circumstances of the par-ties and the nature of the case shall render fit . . . and require rea-sonable security for due observance of such orders[.]

This statute has been applied by the New Jersey courts to permit enforcement of support orders for children over the age of eighteen. *Quinn v. Johnson*, 247 N.J. Super. 572, 589 A.2d 1077 (1991) (holding that N.J.S.A. 2A:34-23 gives the courts broad authority to continue orders for children over the age of eighteen); *Sakovits v. Sakovits*, 178 N.J. Super. 623, 429 A.2d 1091 (1981) (duty to assure the neces-sary support for the education of a child over the age of eighteen); *Hoover v. Voightman, I*, 103 N.J. Super. 535, 248 A.2d 136 (1968) (order to increase support for a child over the age of 18 who was attending college).

In the case before us, plaintiff and defendant were both repre-sented by attorneys at the time of their divorce and their attorneys signed the 1982 Final Judgment of Divorce. The New Jersey court had the authority to order child support until the age of twenty-two under its state law. The record shows the child, born on 3 December 1979, was eighteen and attending college in New Jersey and therefore not emancipated under New Jersey case law at the time of the second transmittal request in 1998 and when the 1998 order was entered. *Schumm v. Schumm*, 122 N.J. Super. 146, 299 A.2d 423 (1973) (there is no fixed age for emancipation, custodial parent primarily respon-sible for determining the factors, such as education, which act to con-tinue a child's dependence upon support); *Keegan v. Keegan*, 326 N.J.

Super. 289, 741 A.2d 134 (1999) (child would not be emancipated, for support purposes when she had plans to attend college and had not moved beyond the sphere of her parents). Therefore, the courts of this state are required under FFCCSOA and UIFSA to enforce the New Jersey support order, until the child of the parties reaches the age of twenty-two.

Plaintiff did not consent to the jurisdiction of this state to modify the New Jersey order in 1995 and New Jersey therefore retained continuing, exclusive jurisdiction over the order. The North Carolina trial court was required to give the New Jersey order full faith and credit, enforcing the order and interpreting the order according to the law of the state of New Jersey. The order of the trial court is vacated and this action is remanded to the trial court for the entry of an order consistent with UIFSA, FFCCSOA, and this opinion.

Vacated and remanded.

Judges WYNN and TIMMONS-GOODSON concur.